BRADFORD S. STACEY, Plaintiff in Error, *v.* MOWRY RANDALL, Defendant in Error.

### ERROR TO McLEAN.

Two instruments executed as parts of the same transaction, whether at the same or a different time, will be construed together.

Obligations which are exhibited as collateral evidences of indebtedness to support a bill for foreclosure, should be established by proof; they do not come within the 14th Section of the Practice Act.

Exhibits and proofs in support of a decree should be preserved in the record.

To avoid expense and the incumbrance of a record with proofs of matters that might be admitted, the court may compel an admission or denial of all such allegations as require proof.

RANDALL filed his bill in the McLean Circuit Court, stating that Stacey was indebted to him in the sum of $1,000 with interest ; to secure which he gave a mortgage upon the property and estate that had been given to him by his father, Stimpson Stacey, however or wherever said property or any part of it may be found ; to be discharged by the payment of $1,000, in two years from the day of the date of the mortgage, which was on the 9th of February, 1847. The bill then describes the lands, which were bequeathed, by numbers, alleges the amount of principal and interest due to be $1,757.48, and prays for an order of sale. With the bill were exhibited several promissory notes, given by Stacey to other parties than Randall, but which appeared to have been paid by him.

Stacey, by his answer, admits the execution of the mortgage, but avers that the amount due was much less than $1,000, and that the mortgage was only intended to secure the amount to be found due upon a future accounting between them; that he subsequently settled with all his creditors, and among them with Randall, by compounding with them, and that Randall had been paid. He sets out an agreement, signed by Randall, that he had received the said mortgage, and that the real amount due from Stacey was not the sum of $1,000, and that when the accounts between them should be settled, and Stacey should pay what might then be found due, the mortgage was to be satisfied. This agreement bore even date with the mortgage. This answer admits the ownership of the land described in the bill.

The complainant filed an amended bill, charging that the indebtedness of $1,000 accrued by virtue of the notes filed as exhibits with his original bill, and sets them out by description, and shows the payment of taxes by him on the lands claimed to be covered by the mortgage. These tax receipts are filed as exhibits with the amended bill. Stacey, upon leave, withdrew his answer to the original bill, and filed his answer to the amended bill, averring that the several notes, etc., described in the amended bill had been paid by an assignment of all his property to Randall, which had been applied by Randall to the payment of the demands in question. This answer offers to pay all taxes advanced by Randall. With his answer Stacey files as exhibits several letters received from Randall. There was a replication to the answer to the amended bill. There are no proofs in the record, independent of the exhibits.

The court, DAVIS, Judge, presiding, at September term, 1854, of the McLean Circuit Court, entered a decree in favor of complainant for $1,000, interest and costs.

HOLMES, SCOTT and WALKER, for Plaintiff in Error.

B. C. COOKE and J. C. WALKER, for Defendant in Error.

SCATES, C. J. Where two instruments are executed as parts of the same transaction and agreement, whether at the same or different times, they will be taken and construed together. The plaintiff here inserted a condition in this mortgage, to operate as a defeasance of the deed, upon the payment of one thousand dollars, expressed to be the consideration. At the same time the defendant, mortgagee, executed to the plaintiff, mortgagor, a separate and distinct defeasance, expressing therein what we regard as the truth of the transaction—that the mortgage deed

was executed to secure whatever amount may be found due upon final settlement of accounts between them ; and it expressly admits and declares that the consideration of one thousand dollars, expressed in the deed, is not the true sum. It may be more, or it may be less.

The mortgage recites no debt, but is to be void upon repayment of the consideration. The defeasance recites no debt, or indebtedness, but that the mortgage should be void if plaintiff " shall pay to me whatever amount may appear to be due on such settlement." There is a strong implication of indebtedness in the recital " that the real amount due from said Stacey to me is not the above mentioned sum of one thousand dollars."

It is sufficiently manifest that the parties believed at the time that there was, upon settlement, or would be, a balance due defendant. And the account being open and unsettled, they were unable to fix upon and recite the true amount. Nor can we exclude from the contemplation of the parties, in future or subsequent transactions, additional items of debit and credit. The mortgage and defeasance, therefore, provides only a lien and security for such amount or balance, if any, as may be found against plaintiff upon a future settlement and adjustment of accounts and dealings.

The defendant set forth and claimed in his bill sundry items of account for moneys advanced and paid to and for the use of plaintiff, one of which he seems to have paid as guarantor, or surety, and all the rest as a volunteer. I mean this : that there is no allegation of request,—there are no circumstances showing any legal obligation to advance it ; and the advances do not seem to have been made in the regular course of trade by an assignment of the notes by the holders, except that to Carpenter.

The payment of taxes, as mortgagee, would fall under a different view if made upon the lands included in the mortgage, as also the redemption of the lands from tax sale. The allegation that the sixty dollar note was signed as indorser, surety, has no proof in the record, nor has that of a general promise to repay these general advances ; nor will the law imply one without proof of an indebtedness arising from a proper advance of money for another's use. The 14th Section of the Practice Act, which requires a denial of the instrument sued on or set up by way of defence, upon oath, does not, I conceive, apply to these notes and receipts. The bill is not filed upon, or to enforce them as such ; they are merely incident or collateral evidences of indebtedness, and not recited in, or recognized by, the mortgage, the instrument sued on. Some proof of them as

exhibits should, therefore, have been made. None appears, not even their production to the court, as was done by plaintiff in relation to the defeasance and defendant's letters. These constitute the proofs set forth in the record, and the defect is unaided by the recitals of the decree, or the admissions of the answer. For, while the answer admits the execution of notes by plaintiff, it explicitly denies any indebtedness therefor. to defendant; and neither admitting or denying the payment of taxes, etc., it calls for proofs. Thus the issue joined, demanded full proof of the alleged indebtedness under the mortgage. *Selby* v. *Geines,* 12 Ill. R. 69.

The modes of preserving evidence are enumerated in *White* v. *Morrison et al.,* 11 Ill. R. 361; *McClag, Adm'r, et al.* v. *Norris,* 4 Gil. R. 370.

Its absence from the record is not supplied by presumptions in equity proceedings. *Wilson et al.* v. *Kinney,* 14 Ill. R. 27; *Ward* v. *Owens et al.,* 12 Ill. R. 283; *Nichols, Adm'r,* v. *Thornton,* 16 Ill. R. 113. Nor by an insufficient answer, with replication. *Ryan* v. *Melvin et al.,* 14 Ill. R. 68. Nor by want of proof of matters of discharge, if there be no admission of the allegations of the bill. *Cummings* v. *Cummings,* 15 Ill. R. 33.

When these allegations are neither admitted nor denied, they must be proven. *De Wolf et al.* v. *Long,* 2 Gil. R. 679. The case in 4 Gil. R. 370, is not in conflict with this rule; it relates to written and oral testimony.

While the execution of the mortgage and the notes are admitted, all indebtedness under either is denied, and no proof appears in the record to establish it, not even the recital of a fact proven in the decree.

Tested by the rules laid down in the above decisions, it is impossible to sustain this decree for want of proofs.

The same remark fully applies to the identity of the mortgaged property. The lands are not described by abuttals, monuments, metes and bounds, or numbers, in the mortgage, but by reference to a will, as the mode by devise, and to plaintiff's father as the testator and devisor.

The original answer admitted the ownership of the lands, and a small amount of indebtedness; but the ownership of these lands, by devise from his father, was not admitted or denied. A bare ownership, if not acquired in that way from his father, is insufficient to answer the description of the mortgage, or to include them in, or incumber them by, it. But this answer was wholly withdrawn by leave of the court, on amending the bill, and was not refiled. None of these admissions are to be found

in the answer to the amended bill.   We therefore expect satis-
factory proof of the identity of the lands described in the bill
and mortgage.

The answer is very meagre.   To avoid the expense, and cum-
bering the record with proofs of matters that the plaintiff might
admit, the court would, if asked, compel the plaintiff to admit
or deny all the facts and allegations, of which proof would be
required.

Upon the present record the decree cannot be sustained.

Decree reversed and cause remanded.

*Decree reversed.*