HENRY CARPEN, Plaintiff in Error, *v.* H. H. and R. HALL, Defendants in Error.

### ERROR TO MORGAN.

Two persons employed the same broker to sell cattle for them. The broker paid to one of them too much, and to the other as much too little. The latter sued the former for money had and received. *Held,* that the action does not lie.

THE facts of the case are the same as in the case which was decided in the twenty-seventh volume of these Reports, (*Hall v. Carpen,* 27 Ill. 386,) which see, for the history of the transaction.

D. A. SMITH, for Plaintiff in Error.

MORRISON & EPLER, for Defendants in Error.

We do not deny the doctrine asserted by the attorneys for the plaintiff in error, that "the action (for money had and received) lies whenever one person has received the money of

another, which, in equity and good conscience, he ought not to retain." But the mistake made by the plaintiff in error is, in supposing that the money claimed by him in this suit belonged to him. We say that the $171 in question, if not the money of defendants in error, is the money of Florence, the broker, and not the money of Carpen. Hence Carpen could not recover in this suit.

When the money for the cattle sold by the agent was paid in, it did not thereby become the money of Carpen, but was the money of Florence, and Florence was then indebted to Carpen the net amount the cattle sold for. This case is identical with same case at the last term of this court. See *Hall* v. *Carpen*, 27 Ill. 386.

WALKER, J. If defendant in error received money from the cattle broker, which he should have paid to plaintiff in error, an action manifestly accrued to the broker for its recovery. Plaintiff in error clearly had a right of recovery against the broker to recover the money for which his cattle were sold. The money was not commingled into a common fund by the parties, nor could it be without their consent. The broker was separately employed, by each of the parties, to sell their several lots of cattle, and each had a claim against him for the money received by him on their account. If the broker paid defendant in error more than he was entitled to receive, that was no concern of plaintiff in error, as he had his remedy against his agent, and the latter against plaintiff in error.

The claim was not of such a character, that the broker could assign it to plaintiff in error. It may be that he could maintain an action in the name of the broker for his own use, if he has acquired an equitable assignment of the claim, but it could not be negotiated so as to authorize a recovery in the name of plaintiff in error. *Trumbull* v. *Campbell*, 3 Gilm. 502.

The fact, that it is claimed that the agent made a mistake, in paying the money to defendant in error, does not distinguish this case from that presented by the facts, when it

was previously before the court. 27 Ill. 386. It is still within the rule then announced. The money in the hands of the broker was not specifically that of the several parties. Any other current money would have paid them as well. And although the action for money had and received, is broad and comprehensive, still we are of the opinion that it does not embrace this case.

The judgment of the court below must be affirmed.

*Judgment affirmed.*