SAMUEL B. ROWE, Respondent, *v.* THE BANK OF AUBURN, Appellant.

(Argued January 15, 1873 ; decided March term, 1873.)

THIS was an action to recover $1,537.82, alleged to have been had and received by defendant for the use of the Auburn City Bank, plaintiff's assignor.

One Sheldon agreed to turn out to plaintiff certain securities, including a promissory note of $4,209.72, made by L. D. Robe, and indorsed by H. B. Hewitt & Co., to secure an indebtedness. The note was then in the hands of defendant as collateral to an indebtedness of Sheldon's. Defendant consented to the arrangement. The amount of securities transferred was $1,419.44 more than the amount to be paid by Sheldon. The note was discounted for plaintiff by the Auburn City Bank, it giving to defendant a writing acknowledging receipt thereof, and agreeing to pay to defendant $1,419.42 of said note, with interest, when the same was collected.

Subsequently Sheldon, having discharged his liabilities to

defendant, obtained from Robe, the maker of the note, his draft upon Hewitt & Co., the indorsers, for $1,532.87, which was accepted by the latter, upon Sheldon's statement that he had an interest to that amount in the note. This draft was discounted by defendant, and avails paid to Sheldon. Defendant indorsed upon the writing received from the Auburn City Bank an acknowledgment of receipt of the acceptance of Hewitt & Co. in full of said writing, and delivered it to Hewitt & Co. The draft was paid at maturity. This action was brought to recover the amount so paid. Plaintiff, prior to its commencement, had no knowledge that Sheldon & Co. had received the avails of the draft. *Held*, that, conceding defendant was estopped by its receipt from denying it had collected the sum in question upon the note, and that plaintiff's assignor, rather than defendant, was entitled to it; yet, as defendant claimed the right to it, and as its payment did not discharge the parties to the note *pro tanto*, save upon showing defendant's superior right thereto, an action for money had and received could not be maintained. Decided upon the authority of *Patrick* v. *Metcalf* (37 N. Y., 332; *Butterworth* v. *Gould* (41 id., 450).

*J. R. Cox* for the appellant.

*D. Pratt* for the respondent.

GRAY and REYNOLDS, CC., read for reversal.

All concur in result, upon the ground that an action for money had and received could not be maintained under the facts in the case.

Judgment reversed and new trial granted