CALVIN S. HATHAWAY, Supervisor, etc., of the Town of Solon, Respondent, *v.* THE TOWN OF HOMER, Appellant.

(Argued March 20, 1873; decided June term, 1873.)

THIS action was brought for the recovery of moneys claimed to have been received by defendant, for the use of the town of Solon, from the Paymaster-General of the State, for excess of years of service of men furnished by the town of Solon, pursuant to the call of the President of July 18, 1864, by virtue of section 2 of chapter 29 of the Laws of 1865, which provided for the refunding of local bounties paid by towns, cities or counties.

The supervisors of the county of Cortland, by resolution, authorized its county committee to secure the reimbursement to the county and the several towns thereof for bounties paid. That committee presented to the Paymaster-General a certificate of the number of years' excess of service applied to the different towns, on the basis of which the committee received $30,600. The account was kept by the Paymaster-General with the county. He did not undertake to apportion the moneys to the towns, or to determine whether, as between the towns the credits were properly given. By the certificate, Homer was entitled to receive

$5,000 and Solon nothing. The committee made a report to the board of supervisors, accompanied by a table showing the basis of settlement with the Paymaster-General; also reporting that the town of Solon had a claim for excess belonging to it, which had been distributed to other towns, and that the town of Homer received credit, for one three-years' man belonging to Solon, $600. A resolution was thereupon presented directing, the county committee to pay to the supervisor of Solon its proportion of the fund, which resolution was rejected, and the committee paid over to the supervisor of Homer the whole amount for which it had credit. This action was brought to recover the amount received for the one man, which should have been credited to Solon. *Held*, that the money was not received for the use or on account of the town of Solon, and that its receipt created no legal liability to pay it over; that if the board erred in its disposition of the fund, its obligation to the town of Solon was not discharged and was unaffected by the payment, and that plaintiff had no cause of action. (See *Patrick* v. *Metcalf*, 37 N. Y., 332; and *Butterworth* v. *Gould*, 41 id., 450.)

Lott, Ch. C., reads for reversal and new trial.
All concur; Reynolds, C., not sitting.
Judgment reversed.