LEONARD G. MOORE *vs.* JAMES G. MOORE, administrator.
CHARLES F. MOORE *vs.* SAME.
ERWIN G. MOORE *vs.* SAME.

Hampshire.    January 14. — June 24, 1879.    COLT & AMES, JJ., absent.

A person who receives money as his own from an executor, who pays it under a mistaken interpretation of his testator's will, is not liable, in an action for money had and received, to a person who was entitled under the will to receive the money.

THREE ACTIONS OF CONTRACT for money had and received, against the administrator of the estate of Sally Maria Moore, the mother of the plaintiffs.    At the trial in the Superior Court, before *Aldrich*, J., without a jury, the following facts appeared :

On July 7, 1868, the will of Sally Cummings was duly admitted to probate, appointing John W. Cummings as executor, and bequeathing the residue of her estate, after the payment of certain specific legacies, to " Sally Maria Moore and her children for their use and benefit forever."

The residue of the estate consisted of $628.08 in money, and of household furniture, farming utensils and live stock of the value of $707.50.    The executor, supposing that the entire residue belonged to Mrs. Moore, paid her the $628.08 at different times, and allowed her to take possession of the personal chattels, both he and she believing that she was entitled to them by virtue of the will; and she continued to possess, use and enjoy them until she died.    The executor made no demand upon her for the same during her life, nor upon her administrator after her death.

The judge ruled that Mrs. Moore and her children took as tenants in common under the will, and that the actions could be maintained; ordered judgments for the plaintiffs accordingly; and reported the cases for the determination of this court.

If these rulings were correct, the judgments were to be affirmed; otherwise, new trials to be ordered.

*M. P. Knowlton*, for the plaintiffs.

*G. Wells*, for the defendant.

SOULE, J. The title to the estate of Sally Cummings passed to her executor, whose duty it was to administer it according to the provisions of the will. In attempting to perform his duty he paid to the defendant's intestate certain moneys, and delivered to her certain chattels, as due to her under the will. She received and treated the money and chattels as her own. If the money had been paid to her to be paid by her in whole or in part to the plaintiffs, or either of them, as being due them or him from the executor, an action might be maintained against her, for money had and received, by the person or persons for whose benefit she received it, or, after her death, against her administrator. *Mellen* v. *Whipple*, 1 Gray, 317. So, too, if the defendant's intestate, in consideration of the payment to her, had promised the plaintiffs to pay the legacies for which the executor was liable to them, and they had thereupon released the executor, and accepted her promise instead of his liability, an action could be maintained against her administrator. Neither of these cases governs the cases at bar. The defendant's intestate received what she received as her own. The executor was not released from his obligations under the will. The estate was his to account for. The plaintiffs had their right of action against him for anything due them as legacies. Any overpayment of money or improper delivery of chattels which he may have made to the defendant's intestate, under a mistake as to the interpretation of the will, was not a disposal of the estate which would go to his credit in the settlement of his account as executor, was not a payment of the money nor a delivery of the chattels of the plaintiffs, or any of them, and therefore did not place the defendant's intestate, and does not place the defendant, in the position of having received money of the plaintiffs under such circumstances that the defendant is bound in equity and good conscience to pay it over to them.

As the judge, before whom the cases were tried in the Superior Court, erred in his ruling as to the law governing them, there must be                                           *New trials*