<hr />

MARY E. RAND *vs.* JEREMIAH W. SMALLIDGE.
NATHANIEL BANNISTER *vs.* SAME.
CHARLES H. BANNISTER *vs.* JOHN A. FULTON.

Middlesex. January 12. — February 9, 1881. COLT, J., absent.

In an action for money had and received, it appeared that the defendant received money, by virtue of a power of attorney executed by a person other than the plaintiff, from the trustee under a will, in pursuance of a decree of a court in another State. *Held*, that the action could not be maintained by evidence that the plaintiff was entitled to the money under a proper construction of the will, that the plaintiff was not a party to the action in which the decree was rendered, and that the court which made the decree had no jurisdiction of that action.

THREE ACTIONS OF CONTRACT, each for money had and received by the defendant to the plaintiff's use. Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the defendant in each case, and reported the cases for the determination of this court. If the actions could be maintained, new trials were to be had; otherwise, judgments for the defendants. The facts appear in the opinion.

*J. C. Ivy*, (*S. W. McDaniel* with him,) for the plaintiffs.

*H. W. Muzzey*, for the defendants, was not called upon.

SOULE, J. The plaintiffs seek to recover in these actions the value of certain notes and bonds which were transferred by the trustee under the will of John A. Fulton, deceased, to the defendant Fulton as belonging to certain persons, one of whom was the defendant Smallidge, and for all of whom the defendant Fulton was attorney in fact to receive the property, and to whom he has distributed it. The plaintiffs contend that they can maintain their actions on the ground that the transfer was made under

and in accordance with a decree of the Superior Court of Connecticut, which, as they say, had no jurisdiction of the subject matter of the suit in which the decree was made, and made the decree in consequence of an erroneous construction of the will of the testator; and that they had no notice of the pendency of the suit, and are not bound by the decree; and that a true construction of the will shows that they are entitled under it to the amount of property which was transferred by the trustee.   We are of opinion, however, that, inasmuch as the defendant Fulton received the notes and bonds as belonging to those for whom he was acting as attorney to receive them, and has distributed them or their proceeds among those for whom he received them, and as the defendant Smallidge received what he has as his own, and not for nor in behalf of the plaintiffs nor either of them, these actions cannot be maintained.

If the Superior Court of Connecticut had no jurisdiction of the subject matter of the suit in which the decree was entered and in which the transfer to the defendant Fulton was made, the trustee under the will is still liable to be called on by the parties entitled to the estate to account to them; and if there was such a failure to notify the plaintiffs of the pendency of that suit that they are not bound by the decree, they may still proceed against the trustee with the same effect as if the decree and transfer had never been made.   In other words, if the trustee has paid away notes and bonds which were of the estate of the testator under circumstances which would not protect him in a suit brought by these plaintiffs to recover their alleged shares of the estate, he still, in the eye of the law, holds the property in his possession, and must account for it according to the terms of his trust.   If the transfer was made under such circumstances as to protect the trustee against any claim by the plaintiffs, the trust, so far as they are concerned, has been lawfully executed.   In either event, the plaintiffs have no right of action against the defendants, because they have not received anything which in equity or good conscience they ought to pay or deliver to these plaintiffs, or any of them.   *Moore* v. *Moore*, 127 Mass. 22.   The rulings in the Superior Court were correct, and there must be

*Judgment for the defendants.*