For these reasons the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

---

SAMUEL NEILL ET AL.

v.

JAMES CHESSEN.

1. CONSIDERATION OF DEED.—The consideration passing between the parties to a deed may be shown to be different from that expressed on the face of the deed.

2. CONSTRUCTION OF CONTRACT.—When two instruments are executed as parts of the same transaction and agreement, whether at the same or different times, they will be taken and construed together.

3. EVIDENCE—SALE OF LAND—RESERVATION OF RENT.—When a party sells land that is held bv another by virtue of a lease, the grantee in the deed is entitled to recover the rents accruing after the execution

Neill v. Chessen.

and delivery of the deed, unless the rents are reserved by the grantor. But such reservation need not be expressed on the face of the deed. It may be shown by introducing the contract in regard to the sale of the land and in arriving at the intention or true meaning of the parties, the agreement and the deed should be considered together as well as all the circumstances in proof.

4.  Action for money had and received—Privity.—In order to sustain an action for money had and received there must be privity between the plaintiff and defendant. The law raises no implied promse upon which an action can be maintained in respect of money had and received from the mere fact of one man's money having come into the possession of another.

Appeal from the Circuit Court of Madison county; the Hon. Wm. H. Snyder, Judge, presiding. Opinion filed October 10, 1884.

Mr. J. H. Yager, for appellants; that it is competent to show a different consideration from the one stated in the deed as between the parties, cited Kinzie v. Penrose, 2 Scam. 519; Ayers v. McConnell, 15 Ill. 232; Kimball v. Walker, 30 Ill. 482; Booth v. Hynes, 54 Ill. 363; Primm v. Legg, 67 Ill. 500; Brown v. Pitney, 39 Ill. 468.

Mr. James E. Dunnegan and Messrs. Wise & Davis, for appellee; that where a party, selling leased lands, conveys the fee and makes no reservation of the rent, the accruing rent goes to the grantee of the fee, cited Crosby v. Loop, 13 Ill. 625; Dixon v. Niccolls, 39 Ill. 384.

The warranty deed given by appellants to appellee supersedes all their prior negotiations and agreements in relation to the purchase of the land: Ely v. Ely, 80 Ill. 532.

Casey, P. J.  This was an action of debt brought by appellee against appellants in the Circuit Court of Madison county. The declaration contained the common counts.

The general issue was filed to the declaration. A recovery is sought on the count for money had and received. In the circuit court a jury was waived, the cause was heard by the court and a judgment rendered in favor of the plaintiff. A motion for a new trial was entered and refused and the case is brought to this court by appeal. Upon the trial of the cause the plaint-

iff introduced in evidence a deed made by the defendants on the 19th of November, 1881, conveying to the plaintiff a certain tract of land therein described by metes and bounds and situated in the county of Madison and State of Illinois. The consideration expressed on the face of the deed is the sum of four thousand and one hundred dollars.

The plaintiff further showed at the time of the making and delivery of said deed, the land was in the possession of Jacob Sering, who held it by virtue of a written lease and that said lease did not expire until the 24th of December, 1882. That after the deed was made and before the lease expired, Sering paid to C. A. Murray, agent for Samuel Neill, one of the defendants, the sum of $192, as rent for the premises described in the deed. This suit is brought to recover that rent. On the trial of the cause the defendants offered in evidence the following contract or memorandum:

" ALTON, ILLS., Nov. 3, 1881.

" We, the undersigned, agree to place in the hands of the Alton National Bank, each of us $200; whereas James Chessen has purchased of Samuel Neill sixty acres of land more or less at $65.00 and the said Neill is to have the crop of wheat for the year 1882, or until the expiration of the lease of Jacob Sering; when Mr. Neill delivers to the bank a deed of the land, then Mr. Chessen is to pay for same, and if either party refuses to come up to the agreement or backs out of it, the other party has the $400 (four hundred dollars).

(Signed) " JAMES CHESSEN.
" SAMUEL NEILL."

The plaintiff objected to the introduction of this instrument as evidence. The objection was sustained by the court and defendants excepted to the ruling of the court. The defendants also proposed to show that the land referred to in the instrument or agreement was the same land as that described in the deed made by defendants to plaintiff. Objection was made and sustained by the court. Defendant's counsel also offered to prove by the witness Caldwell that the plaintiff, by agreement made before the delivery of said deed, with Samuel Neill as the agent of the other grantors in the deed, that the

said Chessen was not to have the rent of the premises mentioned in the deed, during the unexpired term of said lease (lease referred to by witness Sering), and that the plaintiff Chessen purchased the land upon that consideration. Objection was made and the court sustained the objection.

The defendant's counsel also offered to prove by the witness Caldwell, that the said Neill was to have the crop of wheat for 1882, or until the expiration of the lease of the land to Jacob Sering, and that the land referred to in the agreement of the 3d of November, 1881, was the same land as that described in the deed.

Objection was made and the court sustained the objection. Appellants excepted to the ruling of the court in refusing to hear the evidence. The court erred in refusing to allow the written agreement to go in evidence. It was competent as a part of the contract, and it was proper to admit in evidence verbal statements, showing the connection, if any, between the written agreement and the deed.

When two instruments are executed as parts of the same transaction and agreement, whether at the same or different times, they will be taken and construed together. Stacey v. Randall, 17 Ill. 467; Reed v. Ellis et al., 68 Ill. 206.

The consideration passing between the parties to a deed may be shown to be different from that expressed on the face of the deed. Kimball v. Walker, 30 Ill. 482; Primm v. Legg, 67 Ill. 500; Booth v. Hynes, 54 Ill. 363.

The contract of the 3d of November shows the entire agreement of the parties in regard to the sale and purchase of the land.

The deed was not in conflict therewith, but was simply carrying into effect one of the provisions of the contract.

It is true that when a party sells lands that are held by another by virtue of a lease, the grantee in the deed is entitled to recover the rents accruing after the execution and delivery of the deed, unless the rents are reserved by the grantor.

But the reservation need not be expressed on the face of the deed. It may be shown as in this case by introducing the contract in regard to the sale of the land. This argument

shows that "Neill is to have the crop of wheat for the year 1882, or until the expiration of the lease of Jacob Sering" In arriving at the intention of the parties or the true meaning of the contract the agreement and the deed should be considered together, as well as all the circumstances in proof. Stacey v. Randall, *supra.*

The fourth error assigned is that the court erred in rendering judgment against all the defendants, whereas there is no evidence showing any indebtedness or liability on the part of Lady Neill, Joseph R. Neill and Emma Neill; as we have said the count relied upon in this case for a recovery is for money had and received.

There is no evidence in the record that any money was paid to the defendant for the use of the plaintiff. It is well settled that there must be some privity between the parties before this action can be sustained. In 1 Wheaton Selwyn 104, it is said: "In order to sustain an action for money had and received there must be privity between the plaintiff and defendant. The law raises no implied promise upon which an action can be maintained in respect of money had and received, from the mere fact of one man's money having come into the possession of another."

It is necessary to maintain this action that a certain amount of money belonging to one person should have improperly come into the hands of another, and that there should be some privity between them. 3 Addison on Contracts, Sec. 1408.

When the money was delivered to the defendant for a particular purpose to which he refused to apply it, he can not apply it to any other, but it may be recovered back by the depositor under the count for money had and received. If it was placed in his hands to be paid over to a third person, which he agreed to do, such person assenting thereto may sue for it as money had and received to his own use. But if the defendant did not so consent to appropriate it, it is otherwise, there being no privity between them, and the action will lie only by him who placed the money in his hands. 2 Greenleaf, Sec. 119.

The person who receives money as his own from an exec-

ntor, who pays it under a mistaken interpretation of the will, is not liable to an action for money had and received by a person who was entitled under the will to receive it. Moore v. Moore, 127 Mass. 22; Rand v. Smallidge, 130 Mass. 337; Trumbull v. Campbell, 3 Gil. 502; Hall v. Carpen, 27 Ill. 386; Carpen v. Hall, 29 Ill. 512.

As to the appellants, Lady Neill, Joseph R. Neill and Emma Neill, as we have already stated, there is no evidence whatever in the record showing that any money was paid by Sering to Murray for their use and benefit, or that they ever received any money as the rents or a part of the rents of the premises in question, or that Murray or Samuel Neill was their agent, so that in no event could the judgment in this case against them be sustained on the evidence as it now appears in the record.

It is also insisted by counsel for appellants, that the judgment in this case was informal and defective, and we are referred to the case of Bowden v. Bowden, 75 Ill. 111, in support of the view of counsel.

In view of the fact that the cause is to be heard again in the circuit court, we do not see that it is necessary to discuss that branch of the case.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.