Van Brunt, P. J., and Barrett, J., concurred.

Judgment of the plaintiff against the defendant bank reversed, and new trial ordered, with costs to the appellant to abide event, and judgment in favor of the defendant railroad affirmed, with costs.

---

## CHARLES C. WEBB, Respondent, *v.* THEODORE A. MEYERS, Appellant.

*Gratuity fund of the New York Stock Exchange — gift by will — a mistake in payment — implied promise — money had and received.*

It was provided by the constitution of the New York Stock Exchange that upon the death of a member leaving neither widow nor children, his next of kin should receive a sum of money as a gratuity from the surviving members; that a certified copy of the proceedings before a surrogate should be proof of the right of claimants, and should protect the exchange in payment, and that the provision for benefit should not be construed as constituting an estate, but merely an agreement by the members to make a gift to the family of the deceased associate.

Alfred G. Meyers, by his will, bequeathed this fund to his two sisters and his brother. The petition of his executor for the proof of his will stated them to be the only next of kin of the testator, when, in fact, there were living children of his half-brother.

In pursuance of the statements contained in the proceedings for the proof of the will the Exchange paid the fund to the persons mentioned therein.

In an action brought by the assignee of one of the children of the half-brother against the brother, as for moneys had and received for his use and benefit, a demurrer was interposed to the complaint.

*Held,* that the action could be maintained.

That the deceased had no such property right in the fund as enabled him to alter the disposition of the fund by his will.

That while the Exchange was protected in the payment, the money had been paid by mistake to the brother.

That as the payment had been thus made, and as the brother had not asserted any
    hostile claim to the whole amount paid him, and as the share of the half
    brother's child came to the brother wrongfully, the child of the former was
    equitably entitled to recover.
That an implied promise arose from the duty of the person in possession to account
    for and pay over the fund to the person beneficially entitled thereto.

APPEAL by the defendant Theodore A. Meyers from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 31st day of December, 1891, overruling a demurrer to the plaintiff's complaint after a trial at the New York Special Term.

*A. Shiland, Jr.,* for the appellant.

*Hamilton R. Squier,* for the respondent.

O'BRIEN, J.:

The complaint, in substance, alleges: That one Alfred G. Meyers died March 4, 1887, a member of the New York Stock Exchange in good standing; that, as a part of the benefits accruing from membership in said Exchange, it is provided in the constitution of said Exchange that upon the death of any member in good standing, leaving neither widow or children, there shall be given to his next of kin, within the limit of representation prescribed by the statutes of the State of New York, the sum of $10,000 as a gratuity from the surviving members of the said Exchange, which said constitution further provides as follows:

"The faith of the New York Stock Exchange is hereby pledged to pay, within one year after proof of death of any member, out of the money so collected, the sum of ten thousand dollars, or so much thereof as may have been collected, to the persons named in the next section as therein provided, which money shall be paid as a gratuity from the surviving members of the Exchange, free from all debts, charges or demands whatever.    *    *    *

"In all cases a certified copy of the proceedings before a surrogate or judge of probate shall be accepted as proof of the rights of the claimants, be deemed ample authority to the Stock Exchange to pay over the money; shall protect the Exchange in so doing, and shall release the Exchange forever from all further claim or liability whatsoever.    *    *    *

" Nothing herein contained shall be construed as constituting any estate *in esse* which can be mortgaged or pledged for the payment of any debts; but it shall be construed, as the solemn agreement of every member of the Stock Exchange, to make a voluntary gift to the family of each deceased member, and of the Exchange to collect and pay over to such family the said voluntary gift; it being understood and hereby expressly declared that the provisions of this article, XVIII, of these rules shall only be in force in, and apply to cases of death which shall take place after its adoption."

That said Alfred G. Meyers left him surviving, as his next of kin, his two sisters Matilda and Louisa Meyers, one brother (the defendant), Theodore A. Meyers, and four children of a deceased halfbrother, viz.: Ada Frank, Sarah Meyers, Maria Moss and Frederick S. Meyers; that said Alfred G. Meyers left a last will and testament, and in and by said will he bequeathed said gratuity fund of $10,000 to his two sisters and his said brother (this defendant), share and share alike; that thereafter one John A. Rutherford, one of the executors of said will, presented a petition to the surrogate of the county of New York for the probate of said will, and said will was thereupon duly admitted to probate; that in said petition said Rutherford alleged that the only next of kin of said Alfred G. Meyers, deceased, were the defendant Theodore A. Meyers and his said two sisters; that said petition was erroneous and untrue, in that the petition should have recited that the said Sarah Meyers, Maria Moss, Ada Frank and Frederick S. Meyers were also of the next of kin of the said Alfred G. Meyers, deceased; that if said petition had stated the relationship of the said Sarah Meyers, Maria Moss, Ada Frank and Frederick S. Meyers to said deceased, the trustees of the gratuity fund of the New York Stock Exchange would have divided said fund into four parts and given one-fourth of a fourth, or one-sixteenth, to each of said alleged children of the deceased half-brother of said Alfred G. Meyers; that the trustees of said gratuity fund, in good faith and in ignorance of the relationship of said Sarah Meyers, Maria Moss, Ada Frank and Frederick S. Meyers to said Alfred G. Meyers, deceased, and misled by said probate proceedings, paid said gratuity fund to the said two sisters and this defendant, one-third thereof to each; that before the commencement of this action a demand was made on the defendant, in behalf of said Sarah Meyers, Maria Moss, Ada

Frank and Frederick S. Meyers, that he pay over to each of them the sum of $208.33 of the money so received by him from the trustees of the gratuity fund of the New York Stock Exchange; that he refused to make any payment and claimed that he was entitled to the full amount he had received from said trustees of the gratuity fund under the said will of Alfred G. Meyers, deceased; that before the commencement of this action Sarah Meyers sold and transferred to plaintiff her right, title and interest in and to the claim and demand which she had against said defendant for her share of the moneys received by said defendant from the trustees of the gratuity fund.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court, at Special Term, overruled this demurrer, and from the judgment thereupon entered this appeal is taken.

We think that the Stock Exchange having created the gratuity fund for the next of kin of a deceased member, and having provided that it should not be construed as constituting any estate *in esse* to which a member had title, that the deceased had no such property right therein as would have enabled him to change the beneficiary while living or dispose of the fund by will after death. The by laws of the Exchange designated to whom the money should go after a member's decease, and the title or right of such persons designated to share in the fund was immediately created and vested upon a member's death. While it is called a gratuity, it was beyond the power of the Exchange itself to withhold it after collection against those beneficially interested, though when paid to persons not justly entitled thereto, pursuant to an order or other proceeding before a surrogate, such payment discharges the Exchange from any liability to again pay it over, even to the rightful owners thereof. Such protection, however, thrown about the Exchange in making payment does not affect the right or title of those legally entitled to the fund. Moneys, therefore, which should have been received by plaintiff's assignor having been through mistake paid to defendant, the question presented is, can a recovery be had?

The action is one for moneys had and received, and plaintiff's theory is that, having been wrongfully deprived of the money through the mistake or misrepresentation of the true facts to the Exchange, which resulted in payment to defendant, that the latter

has received money which *ex æquo et bono*, belongs to plaintiff, and which after demand and refusal he is entitled to recover.

On the other hand, defendant insists that the action cannot be maintained; that "the complaint does not allege any fraud, deceit or misrepresentation on the part of the defendant, nor does it allege that the defendant was the agent, expressly or impliedly, of the plaintiff or his assignor in any way, or that there was paid to him, or that he received any sum whatever as the agent or representative of the plaintiff or his assignor, or for his or her account, or in trust for him or her, or that he concealed any fact from the New York Stock Exchange or from the trustees of the gratuity fund thereof; or that he had any knowledge of the contents of said petition for probate, or made any claim based thereon, or that he had any knowledge of the existence of the plaintiff's assignor or of any of the alleged children of the alleged half-brother, or that any proceedings have been had to probate their heirship or amend the petition for probate referred to in the complaint, but the complaint does show that the money paid to the defendant was a 'voluntary gift' and 'gratuity' from the Stock Exchange to him; that the Exchange was directed to make such gift to him by the will of the deceased member on whose account it was to be paid; that it was claimed by defendant for himself only, and that it was paid to and received by him as his own and for his exclusive use and benefit."

Having disposed of the question of the effect of the will, and reached the conclusion that the plaintiff's assignor was entitled to a portion of the fund as one of the next of kin, it remains to consider the authorities upon which the appellant's contention is claimed to be supported. (*Patrick* v. *Metcalf*, 37 N. Y., 332; *Butterworth* v. *Gould*, 41 id., 450; *Rowe* v. *Bank of Auburn*, 51 id., 674; *Hathaway* v. *Town of Homer*, 54 id., 655; *Decker* v. *Saltzman*, 59 id., 275; *Peckham* v. *Van Wagenen*, 83 id., 40.)

We had occasion to examine these cases recently in the case of *Fox, Receiver*, v. *McComb*, decided herewith, and it is not necessary for us to do more than state, in the language of WOODRUFF, J., in the case of *Butterworth* v. *Gould*, the principles underlying these cases. He says, at page 463: "The principle of the decision is in accordance with the case in this court, viz., where a defendant has received

moneys due to the plaintiff, but claiming it as his own under circumstances in which he has no authority from the plaintiff, and does not act under pretense of such authority, and the payment to him is made in proposed recognition of his title thereto as his own, and does not operate to discharge the payor from his liability to the plaintiff, then and in such case there is no trust and no implied promise to pay the money to the plaintiff." The decision referred to in the foregoing quotation was that of *Sargent* v. *Striker* decided in the Supreme Court of New Jersey, and which was to the same effect as *Patrick* v. *Metcalf* (*supra*).

As shown, however, in *Butterworth* v. *Gould*, there is a class of cases, namely, where fees are collected by an officer *de facto*, he may be proceeded against by the officer *de jure* as for so much money had and received to his use. Why? Because he has received them by a color of authority, and those who paid had a right to pay them, and are protected in making such payments.

The principle underlying this latter class of cases seems to us to be analogous to the one at bar.

We have, however, as shown by the learned judge in his opinion below, another class of cases, also relied upon here by the appellant, where payment has been made upon conflicting claims known to the person who made the payment. In some of these the payment resulted in discharging the principal debtor, and in others, again, the debt was not discharged. But it was still held that no recovery could be had in favor of one rightfully entitled to the money against one to whom the payment was made where it appeared that such moneys were received under an adverse claim and in hostility to the person really entitled thereto.

The quotation from Mr. Justice BLACKSTONE by the learned judge below is apt, viz., that "*indebitatus assumpsit* lies when one has received money belonging to another without any valuable consideration given on the receiver's part, for the law construes this to be money had and received for the use of the owner only, and implies that the person so receiving promised and undertook to account for it to the true proprietor."

The principle thus enunciated is in entire harmony with the view expressed by Mr. Justice ANDREWS in the case of *Roberts* v. *Ely* (113 N. Y., 131).

" The case falls within the familiar doctrine that money in the hands of ·one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. (*Mason* v. *Waite*, 17 Mass., 560.) The right on the one side and the correlative duty on the other create the necessary privity and justify the implication of a promise by defendant to do that which justice and equity require. It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff."

The facts presented, namely, that the Stock Exchange, by payment to the defendant, became discharged from all liability to pay over the amount again to the plaintiff; that the payment was made by mistake and was received by the defendant, not asserting any hostile claim thereto, but merely accepting the same as paid to him, and no question existing but that the title of the plaintiff to so much thereof as was payable to him was valid, and that the same came wrongfully into the possession of the defendant, we think, distinguish this case from those relied upon by the appellant, and bring it within the principle stated in *Roberts* v. *Ely* (*supra*) and *Carver* v. *Creque* (48 N. Y., 385), that money in the hands of one person to which another is equitably entitled may be recovered.

It is true that the case of *Roberts* v *Ely* was decided upon the

ground that the statute of limitations had run, and no recovery could be had. But, as an argument and an expression supported by authority as to what principle should be applied in cases of this kind, it is of great value and weight, expressing, to say the least, the views of a learned and able judge of our highest appellate court.

We are, therefore, of opinion that the complaint does state facts sufficient to constitute a cause of action, and that the demurrer was properly overruled.

The judgment should be affirmed, with costs and with leave to answer over on payment of costs in this court and court below.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Judgment affirmed, with costs and with leave to answer over on payment of costs in this court and court below.