employ, or forfeit the commission which had been earned by his skill; or, again, will it be contended that if defendants had allowed a large quantity to accumulate, by reason of bad times or otherwise, and Bolger died ·while in the employ of defendants, and these liqueurs were unsold, his legal representatives would not have a claim for the commissions when sold? We do not think the agreement will bear such construction, and, as no errors of law were committed on the trial, the judgment should be affirmed.

Judgment affirmed, with costs.

---

(16 Misc. Rep. 437)

### ISELIN et al. v. CHEMICAL NAT. BANK.

(Supreme Court, Special Term, New York County. March 16, 1896.)

1. NEGOTIABLE INSTRUMENTS—DRAFTS—INDORSEMENT BEFORE ACCEPTANCE.
    The right of a holder of a draft to recover from the acceptor is not affected by the fact that it was indorsed to him before acceptance.
2. SAME—ACCOMMODATION ACCEPTANCE.
    The acceptor's liability is not affected by the fact that the holder, when he took the draft, knew that the acceptance was for the accommodation of the drawer.

Action by William E. Iselin and others against the Chemical National Bank. Defendant demurs to the complaint. Sustained.

Blumenstiel & Hirsch, for plaintiffs.

Roosevelt & Kobbe (George H. Yeaman, of counsel), for defendant.

PRYOR, J. The complaint exhibits this state of facts: That on the 9th of March, 1893, the Camden Woolen Mills Company drew upon the plaintiffs by bill of exchange for $5,000, payable to the order of S. B. Still & Co.; that on the same day the draft "was delivered, after being indorsed" by Still & Co., to the National State Bank of Camden; that the Camden Bank forwarded it to the Girard National State Bank of Philadelphia "for collection and acceptance," and the Girard Bank transmitted it to the defendant "for the like purpose;" that on the 10th of March it was duly accepted by the plaintiffs, "payable at the Gallatin National Bank;" that "thereupon, after such acceptance, the defendant forwarded it, through the New York Clearing House, to the Gallatin Bank, which paid the full amount to the defendant on the 11th day of March, 1893, and charged the same against the deposit account of the plaintiffs;" and that no value was parted with by the defendant on account of such acceptance and payment. The complaint further alleges that plaintiffs' acceptance was for the accommodation of the drawer, and was induced by the drawer's and payees' fraudulent concealment of their respective insolvency; that of such fraud the plaintiffs were ignorant when they accepted and paid the draft; that upon the discovery of the fraud, and while the proceeds of the draft were still in the possession of the defendant, the plaintiffs notified the defendant of the fraud, and de-

manded restitution of those proceeds. To recover the money they paid upon the draft the plaintiffs bring this suit, and the question on the demurrer is whether they state facts sufficient to constitute a cause of action.

Obviously, the Camden Bank was the owner of the draft, the defendant merely agent for collection; and, as the indorsement of the payees imported a consideration, the Camden Bank was a holder for value. Hook v. Pratt, 78 N. Y. 371, 374. Nay, more, since the complaint omits to impute notice of any fraud to the bank, it appears on the pleadings as a holder in good faith, as well as for value. The defendant stands upon the right of the Camden Bank, its bailor and principal; and, if the plaintiffs could not reclaim the money from the bank, neither may they from the defendant.

The question decisive of the controversy is, could the plaintiffs have defeated an action on their acceptance in behalf of the Camden Bank? If such an action could not be maintained, the plaintiffs are entitled to judgment. If such an action could be maintained, then, indisputably, the plaintiffs must be defeated; for a right in the Camden Bank to recover the money of plaintiffs on their acceptance negatives and annuls any right in the plaintiffs, as acceptors, to a restitution of that money. The plaintiffs challenge the right of the Camden Bank to recover on their acceptance, because the acceptance, being posterior to the indorsement of the draft to the bank, the draft was not taken on the faith of the acceptance; but it is the settled law of this state that the right of the holder of a draft against the acceptor is not affected by the mere fact that he discounted the draft before acceptance. Bank v. Norton, 1 Hill, 501, 508; Bank v. Livingston, 33 Barb. 458; Bank v. Ellery, 34 Barb. 630; Bank v. Schuyler, 39 N. Y. Super. Ct. 440. The plaintiffs insist that they are accommodation acceptors, but neither would this fact impair defendant's right of recovery on the acceptance. "The acceptor is liable to the party who, in good faith and for value, discounts the bill before its acceptance; and this, although such party knew it was to be accepted for the accommodation of the drawer." Bank v. Schuyler, supra; Bank v. Norton, supra; Bank v. Livingston, supra.

But, contend the plaintiffs, their acceptance being the effect of fraud, in an action on the acceptance the burden would be upon the holder to prove his good faith. Were the holder of the draft suing the acceptors on the facts stated in the complaint, his good faith would not be in question, for his good faith is not challenged by the complaint. A circumstance is adduced which, on the trial, might be evidence of bad faith, but upon the pleadings the fact is not apparent. The demurrer does not admit the holder's knowledge of the fraud, because such knowledge is not imputed by the complaint. The principle is elementary that a demurrer admits only matter well pleaded, not arguments or inferences. The rule that fraud in the inception of negotiable paper casts upon the holder the burden of showing good faith is but a regulation in the production of proof on the trial.

In determining the validity of the complaint, I have assumed, in favor of the plaintiffs, that it shows an acceptance for accommodation induced by fraud, but whether it be sufficient to the purpose is a question of extreme doubt.   In effect, the action is for money had and received, and the controversy is between the holder for value of a draft and the acceptor, who has performed his engagement by payment to the holder.   Clearly, this holder may retain the money with equity and good conscience, and this suffices to defeat the action.   Dumois v. Hill, 11 Misc. Rep. 242, 32 N. Y. Supp. 164.

Demurrer sustained, with leave to amend.