HELEN L. COLE, administratrix, *vs.* IDA L. BATES (sole defendant by amendment).

Hampshire.    September 20, 1904. — November 21, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Implied: common counts.

In this Commonwealth it is settled that money had and received will lie where the defendant has received money to which the plaintiff has an equitable right, and in this case it was assumed, without deciding it, that, where the plaintiff in equity can trace his money into the hands of the defendant, he can recover it from him in an action for money had and received as well as where the defendant received the money in the first instance.

If an action for money had and received can be maintained to recover money which in equity can be traced to the hands of the defendant, the recovery must be confined to cases where money is received for the plaintiff by some one standing toward him in a fiduciary capacity.

If the executor under the will of a deceased husband draws out a savings bank

deposit belonging to the widow of his testator, claiming it as part of the estate, and pays it to the residuary legatee, the payment by the bank to the executor is wrongful, and the money paid is not the money of the widow, having been paid upon a demand adverse to her. Therefore neither the widow, nor the administrator of her estate, can follow the money in equity or maintain an action for money had and received for it against the residuary legatee under the will of the husband.

CONTRACT, by the administratrix of the estate of Elma M. Hancock, late of Huntington, for $317.69 alleged to have been had and received to the plaintiff's use, with interest from March 1, 1892, being the amount of a deposit alleged to have belonged to the plaintiff's intestate and to have been drawn from the Northampton Institution for Savings by Clarence E. Bates and paid by him to his wife, Ida L. Bates. Writ dated October 20, 1894.

In the Superior Court the case was tried before *Holmes*, J., without a jury. The following statement of the case is taken from the opinion of the court:

The judge found that the money deposited was the money of the plaintiff's intestate. The plaintiff's intestate was the second wife of Austin T. Hancock, and the defendant was his daughter by a first wife. Austin T. Hancock died on December 16, 1891, leaving, by his last will and testament, the residue of his property to his daughter, the defendant, subject to a life interest in his second wife. On January 6, 1892, the second wife died. On February 2, 1892, the defendant's husband was appointed administrator with the will annexed of the estate of the husband and father, and on February 6, 1892, he took possession of the bank book, drew out the money and deposited it in his own name as administrator of the estate of Austin T. Hancock, the husband and father. On February 9, 1892, the plaintiff was appointed administratrix of the estate of the second wife, and on the same day demanded the bank book of the defendant and of her husband, to which demand the husband answered in the defendant's presence that he had been advised that the book was the property of the estate of the husband and father, and refused to pay the money to the plaintiff. This action originally was brought against the husband as well as the wife. After the trial, the action was discontinued against the husband, on the motion of the plaintiff allowed by the judge.

The judge found that the balance of the husband's account as administrator was at all times more than $317.69, and that the sum paid to the defendant as the residue of her father's estate by her husband as administrator with the will annexed of the father's estate amounted to $1,019.99, and was paid over as follows: $354.07 on or before January 17, 1893, and $665.92 on or before March 3, 1894. In addition he made this finding: The defendant "did not attend court, being ill, at the trial, and there is no positive evidence as to her knowledge of the facts about the book, but demand was made on both her and her husband, Clarence, for the book by the plaintiff, February 9, 1892, and there is no evidence that at the time of such demand any payments from the estate of Austin T. Hancock had been made to her"; also "She never received the identical money which was paid by the bank when the deposit was withdrawn." It appeared that on the front page or cover of the deposit book were these words: "Mrs. A. T. Hancock. Northampton Institution for Savings, No. 3609," and on the fifth page the following: "No. 3609, Northampton Institution for Savings in account with Mrs. A. T. Hancock. Order also Austin T. Hancock."

Upon these facts the judge ruled as matter of law that the plaintiff could not recover, and reported the case to this court.

*J. B. O'Donnell*, for the plaintiff.

*A. J. Fargo*, for the defendant.

LORING, J. [After the above statement of the case.] For the purposes of this case we assume that under the finding made by the judge the defendant is to be taken to have known that the amount paid to her as the residue of the estate was larger by the amount of $317.69 because that sum had been collected by the administrator and put into her father's estate.

It is settled in this Commonwealth that money had and received will lie where the defendant has received money to which the plaintiff has an equitable right. *Knowles* v. *Sullivan*, 182 Mass. 318. *Henchey* v. *Henchey*, 167 Mass. 77. *Derome* v. *Vose*, 140 Mass. 575. *Farrelly* v. *Ladd*, 10 Allen, 127. *Peabody* v. *Tarbell*, 2 Cush. 226. And we assume for the purpose of this discussion (without making a decision to that effect) that where the plaintiff can trace his money in equity into the hands of the defendant he may recover it from him in an action of money had

and received as well as when the money was received in the first instance by the defendant.

Further, in the case at bar the plaintiff has traced her money into the defendant's hands, if the money in the hands of the administrator was her money within the rule in equity as to tracing money. She has shown that it went into the bank account of the administrator and that there was always more to the credit of that account than the sum in question. In such a case the sums drawn are taken to have been rightly drawn and are applied against deposits made from the proper funds of the depositor. *In re Hallett's estate*, 13 Ch. D. 696. *Hancock* v. *Smith*, 41 Ch. D. 456. See also *Knight* v. *Fisher*, 58 Fed. Rep. 991, cited by the plaintiff. Moreover in the case at bar it must be taken that the whole amount of the account was finally paid to the defendant.

But we are of opinion that the money received by the administrator with the will annexed of the estate of the husband and father was not the plaintiff's money in his hands within the rule that allows her to follow her money in equity. That rule is confined to money received for the plaintiff by some one standing toward her in a fiduciary capacity. *In re Hallett's estate*, 13 Ch. D. 696.

In the case at bar the only ground on which the defendant's husband (as administrator with the will annexed of his wife's father) could claim the deposit was this: The money deposited was the money of the husband although deposited in the name of the wife; it had been made payable to the husband in fulfilment of the obligation ensuing from these facts; this order for payment had been accepted by the savings bank by changing the terms of the deposit; this gave a right to the husband to collect the deposit, and this right survived to his administrator with the will annexed. On the other hand, if the administrator claimed to be paid on the ground that the money deposited was the money of the wife, the order for payment to the husband was an order for payment to him for her benefit and was an order personal to the husband which did not authorize payment to his administrator. In either event the payment by the bank was not a valid payment. The money received by the administrator was not received as the money of the wife but under a claim

adverse to her and to the administrator of her estate. The money in the defendant's hands was not the plaintiff's money, and she could not follow it in equity.

It cannot be said that in collecting the $317.69 and ultimately paying it over to her, the administrator was an agent and the defendant the principal, although she was the only person interested in the estate if it turned out to be solvent, and although she was present when the demand for the savings bank book was made both upon her and her husband in her presence. An administrator acts for the benefit of whomsoever turns out to be the person beneficially entitled, and the defendant's husband in the case at bar must be taken so to have acted here in claiming what he was advised was a part of the estate.

None of the cases particularly relied on by the plaintiff supports her contention. In *Bearce* v. *Fahrnow*, 109 Mich. 315, the defendant received the money from the agent of the plaintiff with notice that it was his money. The decision in *Northrop* v. *Graves*, 19 Conn. 548, went on the ground that the payment was in legal contemplation a payment to the husband. In *Barnes* v. *Johnson*, 84 Ill. 95, the money due to the plaintiff was collected by the defendant, and in *Tevis* v. *Brown*, 3 J. J. Marsh. 175, there was a subsequent agreement that the money tortiously taken should be treated as a loan.

For cases somewhat like the case at bar, see *Moore* v. *Moore*, 127 Mass. 22, and *Rand* v. *Smallidge*, 130 Mass. 337.

The entry must be

*Judgment for the defendant.*