## Chicago Trust & Savings Bank v. Chicago Title and Trust Co., Trustee, et al.

1. PROMISSORY NOTES—*Time of Payment to be Unconditional.*—No contract or agreement is a promissory note, either negotiable or non-negotiable, which does not provide for the payment absolutely and unconditionally. If the payment depends upon a contingency which may never happen it is not a promissory note.

2. SAME—*Where the Time of Payment is Not Fixed—Re-Issue.*—A contract stating that on or before one year after the date of the " completion of the piling and filling" of certain premises according to the requirements of a certain agreement of even date therewith, the date of which said completion of piling and filling to be determined by the Board of Commissioners of Lincoln Park and evidenced by the certificate and notice in writing served on the payor, who, for value received, promises to pay to the order of M. A., $7,500, is not a promissory note, and can not be re-issued by the maker thereof in the sense or in the mode that a promissory note then due, may be re-issued.

3. SAME—*Assignability and Negotiability.*—There is a marked difference between the assignability and negotiability of a promissory note. The mere indorsement does not operate to transfer or assign a non-negotiable instrument. The title to such an instrument does not pass by mere delivery.

4. CONTRACTS—*Construction Where Two Instruments Are Executed as a Part of the Same Transaction.*—Where two instruments are executed as a part of the same transaction and agreement, whether at the same or different times, they will be taken and construed together.

Bill to Vacate a Release Deed.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed December 18, 1900.

Statement by MR. JUSTICE HORTON.—To the amended bill of complaint filed in this case by the appellant demurrers by the several appellees were sustained and said amended bill was dismissed for want of equity. Chronologically stated the facts as alleged in said amended bill are substantially as follows:

The 16th day of October, 1891, Henry N. Cooper, one of the defendants, executed and delivered to co-defendant Minna Allmendinger, three certain agreements in writing which are identical in form. One of them reads as follows, viz:

"$7,500.            CHICAGO, Illinois, October 16th, 1891.

On or before one year after the date of the completion of the piling and filling of the premises described in a certain trust deed of even date herewith, which trust deed is executed by the undersigned payor to E. Huntington Pratt, trustee, said completion of piling and filling to be according to the requirements of a certain agreement of even date herewith made by Minna Allmendinger, the payee herein, with Samuel E. Bradt, E. O. Lott, George M. Graves and Henry N. Cooper, the date of said completion of piling and filling to be determined by the Board of Commissioners of Lincoln Park, and evidenced by their certificate in writing, to be filed with E. Huntington Pratt, trustee, and notice in writing served on the payor herein, for value received I promise to pay to the order of Minna Allmendinger the sum of seventy-five hundred dollars ($7,500), at the First National Bank in Chicago, with interest thereon at the rate of six per centum per annum, payable annually from and after the date of the completion of the piling and filling of the premises described in the trust deed given to secure this note, which date is to be determined as hereinbefore provided for. This note is

368    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Chicago Trust & Savings Bk. v. Chicago Title & Trust Co.

secured by a trust deed to E. Huntington Pratt, trustee, of even date herewith, on real estate in the city of Chicago, Cook county, Illinois.    HENRY N. COOPER."

Indorsed as follows:

"Without recourse.
MINNA ALLMENDINGER."

The same day the said Minna Allmendinger executed and delivered to Cooper a certain contract setting out when and how the "piling and filling" referred to was to be performed. That contract is not attached to the bill of complaint, but is referred to in the above agreement and in the trust deed mentioned below and in appellant's amended bill.

The same day Cooper and others executed and delivered to Minna Allmendinger a trust deed upon lots described in the bill to secure the money agreed to be paid by the agreements, a copy of one of which is given above.

The recital as to indebtedness contained in said trust deed is as follows:

"The said Henry N. Cooper, the grantor herein, is justly indebted unto the legal holder of the principal promissory note, hereinafter described, in the principal sum of twenty-two thousand and five hundred ($22,500) dollars, being part of the purchase money for the premises hereby conveyed, secured to be paid by three certain principal promissory notes of the said Henry N. Cooper, bearing even date herewith, made to the order of Minna Allmendinger, with interest at the rate of — per cent per annum, payable semi-annually, both principal and interest being payable at the First National Bank of Chicago, Illinois. Said notes which will be due are for the principal sum of seventy-five hundred ($7,500) dollars each, and will be payable respectively on or before one (1), two (2) and three (3) years after the date of the completion of the piling and filling of the above described property by the said Minna Allmendinger, according to the requirements of an agreement of even date herewith, made by the said Minna Allmendinger with Samuel E. Bradt, E. C. Lott, George M. Graves and Henry N. Cooper, the date of said completion of piling and filling to be determined by the commissioners of Lincoln Park, and evidenced by their certificate in writing, to be filed with the trustee herein, and notice in writing served on the grantor herein, with interest at six per centum per annum, payable annually."

January 20, 1892, Cooper conveyed the premises described in the trust deed by warranty deed to the Chicago Title and Trust Company, in trust for certain purposes, subject to the trust deed above named.

After January 20, 1892, and prior to July 25, 1893, Minna Allmendinger surrendered said agreements and trust deed to said Cooper, with an indorsement on the back of the agreements "Without recourse. Minna Allmendinger." The Allmendinger contract given to Cooper, providing for the " piling and filling," is not set out.

July 25, 1893, Cooper, being indebted to appellant in a sum of $15,000, delivered to it two of the contracts or agreements for $7,500 each, together with the trust deed. The bill states that "Cooper never paid said notes, but acquired them back from said Minna Allmendinger by purchasing the same as above alleged."

January 25, 1894, the lands were subdivided into Lake Shore Drive Addition to Chicago.

February 14, 1894, E. Huntington Pratt released the trust deed given by Cooper. Minna Allmendinger also signed the release deed, as the legal holder of the Cooper contract.

February 15, 1894, the Chicago Title and Trust Company executed and delivered to the Northern Trust Company, trustee, four trust deeds, to secure four notes aggregating $102,500, and the unknown holders of these notes are also made defendants.

The bill prays that the release deed to Chicago Title and Trust Company by Pratt may be set aside, vacated and declared null and void; that the Cooper-Allmendinger trust deed be decreed to be a valid and first lien and that the four trust deeds from the Chicago Title and Trust Company to the Northern Trust Company be declared subject and subordinate to lien of appellant.

Johnson & Morrill, attorneys for appellant.

John G. Henderson, attorney for appellees; Frank G. Gardner and Lackner, Butz & Miller, of counsel.

370    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Chicago Trust & Savings Bk. v. Chicago Title & Trust Co.

MR. JUSTICE HORTON delivered the opinion of the court.

Counsel for appellant contended and argue with great force that the agreements (which we shall, for certainty, refer to as "note-contracts") held by appellant, having been purchased and not paid by Mr. Cooper, who signed them, he had a right to re-issue them and that the re-issue thereof is valid. Whether that be so depends upon whether the instruments in question are promissory notes. Counsel concedes that they are not negotiable promissory notes but contends that they are of the class of instruments known in our law as non-negotiable promissory notes.

No contract or agreement is a promissory note, either negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally. If payment depends upon a contingency which may never happen, it is not a promissory note. Kelley v. Hemmingway, 13 Ill. 605; Smalley v. Edey, 15 Ill. 325; Baird v. Underwood, 74 Ill. 177; Husband v. Epling, 81 Ill. 174.

We do not understand counsel for appellant to contend that a valid " re-issue " can be made of contracts other than promissory notes.

A contract for the payment of a certain sum when the payee " is twenty-one years old " is not a promissory note. (Kelley v. Hemmingway, *ante*.) " The fact that the payee lived until he was twenty-one years old makes no difference. It was not a promissory note when made." A promise to pay a definite sum of money " on the death of a particular individual " is a good promissory note, for the event on which the payment is made to depend will certainly transpire. (Ibid.)

A contract or agreement in writing to pay a definite sum of money six months after date " on condition said amount is not provided as agreed by J. U.," is not a promissory note. Baird v. Underwood, *ante*.

An agreement in writing to pay a definite sum of money " when the estate of the said T. M. is settled up," is not a promissory note. Husband v. Epling, *ante*.

Although it may not be known in advance when the time

may be, yet " it must be absolutely certain that it will be some time." Bank v. McCrea, 106 Ill. 281, 292.

The note-contracts now here in question, called by the appellant promissory notes and by the appellees contracts, state that " on or before one year (two years in one of them) after the date of the completion of the piling and filling " of certain premises " according to the requirements of a certain agreement of even date therewith, the date of said completion of piling and filling to be determined by the Board of Commissioners of Lincoln Park, and evidenced by their certificate in writing   *   *   *   and notice in writing served on the payor," for value received the payor promises to pay to the order of Minna Allmendinger $7,500. It can not be said that it is absolutely certain that the piling and filling will ever be done, or that it will be done according to the requirements of the agreement referred to, or that the Lincoln Park Commissioners will ever make the certificate indicated, or that such a certificate will ever be filed with the trustee named.

Said note-contracts being for the payment of money only upon the happening of the contingent and uncertain events mentioned, not being promissory notes, can not be " reissued " by the maker thereof in the sense or in the mode that a promissory note not then due, may be re-issued. They are payable to the order of Minna Allmendinger. It was therefore necessary that there should be a valid transfer thereof to vest the title to the same in any other person. It is not charged that she made any transfer otherwise than by simple indorsement. That was not a transfer or assignment of said agreements. (Husband v. Epling, ante, 81 Ill. 174.) There is a marked difference between assignability and negotiability. That Minna Allmendinger might have assigned said note-contracts does not change the matter. The fact is she did not do so. A mere indorsement does not operate to transfer or assign a non-negotiable instrument. The title to such an instrument thus indorsed does not pass by mere delivery. Said note-contracts do not come within that class of contracts which, although not nego-

372    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Chicago Trust & Savings Bk. v. Chicago Title & Trust Co.

tiable at common law, are made so by the statute of this
State.

The same contingent and uncertain events mentioned in
the note-contracts, upon the happening of which, and in
which case only, the money should become payable, are
recited in the trust deed, given to secure the payment of
any money that might become due upon said note-contracts,
and delivered to the appellant therewith. The condition
precedent to the contingent liability to pay any money
upon said note-contracts is the performance on the part of
said Allmendinger of the provisions of the contract men-
tioned in said note-contracts. That contract is not set out
in the bill of complaint filed by appellant, neither is a copy
thereof attached to said bill. For aught that here appears
that contract was canceled by the parties thereto.

No recovery can ever be had upon said note-contracts
without averring and proving that the piling and filling
referred to, had been completed "according to the require-
ments" of the agreement therein mentioned. But that
agreement is not before us. It is a part of the note-con-
tracts as effectually as though written therein. The note-
contracts form but a part of the written agreement between
the parties. In Stacey v. Randall, 17 Ill. 467, it is said that
"Where two instruments are executed as part of the same
transaction and agreement, whether at the same or differ-
ent times, they will be taken and construed together."

In Gardt v. Brown, 113 Ill. 478, the late Mr. Justice
Walker, speaking for the court, says:

"No rule of interpretation is more familiar, than, when
two instruments are executed as the evidence of one trans-
action, they shall be read and construed as one instrument."

And in Wilson v. Roots, 119 Ill. 379, the court says:

"The rule is familiar, and of frequent application in cases
before this court, that where different instruments are exe-
cuted as the evidence of one transaction, or agreement,
they are to be read and construed as constituting but a single
instrument."

That is a rule of construction very generally, if not uni-
versally, adopted by courts of justice.

It does not appear that said piling and filling contract was ever assigned to appellant or that it ever had any interest therein. As before stated it does not appear that that contract was ever completed or is now in existence, or that performance thereof can be enforced. If not, then no recovery can be had upon said note-contracts. It devolves upon the appellant to show affirmatively and as a part of the requisites necessary to the maintenance of its bill, that it has some interest in the subject-matter of this litigation and has legal and equitable rights which it may, in this proceeding, protect and enforce. It has not done so, and the court below did not err in dismissing the bill of complaint for want of equity.

As the appellant does not, by its amended bill, state a case that shows a right of recovery, it is not in a position to invoke the rule of subrogation presented by counsel. It is, therefore, quite unnecessary to discuss that rule or the cases in which it may be applied.

The decree of the Circuit Court, dismissing said amended bill for want of equity, is affirmed.