GEORGE CARVER, Respondent, *v.* ALLEN P. CREQUE, Appellant.

The town of W. voted a bounty to each individual who should volunteer and be credited upon its quota under a call of the president. Prior to the town meeting when the bounty was voted, McM. had enlisted and been mustered in as a substitute for defendant, but the latter had paid him nothing. K. paid to McM. the amount of the town and county bounties, and took from him an assignment of his claim therefor. Defendant assented to K.'s right to receive them. Subsequently defendant demanded and received of the supervisor of W. the bonds of the town for the amount of the bounty to McM. In an action by an assignee of K., for an alleged conversion of the bonds,—*Held*, 1st. That the ratification and acceptance by the town of the credit given it by McM.'s enlistment was a sufficient consideration for its promise to pay the bounty, and he and his assigns became thereby legally entitled to the bonds issued therefor. 2d. Defendant having received them without claim of right was liable to an action for their conversion. (The cases of *Patrick* v. *Metcalf*, 37 N. Y., 332, and *Butterworth* v. *Gould*, 41 id., 450, distinguished.)

(Argued October 4, 1871; decided January term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the seventh judicial district, affirming an order setting aside a nonsuit, and granting a new trial.

The action was brought to recover damages for the alleged conversion of two bonds of the town of Wolcott, Wayne county. It is reported below (46 Barb., 507). The following facts appeared upon the trial.

Defendant presented to the supervisor of the town of Wolcott a duplicate certificate of the proper mustering officer, that McMahon had been mustered into the service of the United States on the 3d of September, 1864, as a soldier, on an enlistment for three years, under the call of the president for 500,000 men, and had been on that day credited to the said town toward its quota under that call; and the defendant represented that McMahon had been so enlisted, and mustered into the service as a substitute for

himself. He requested that the bounty provided by a vote of the town on the 7th of September, 1864, amounting to $600 for each enlisted man, to be credited on the quota of the said town, should be issued to him. On the 17th of October, 1864, the said supervisor issued and delivered two bonds or obligations of the said town amounting to $600 to the defendant payable to bearer for and on account of the said enlistment. It also appeared that a special town meeting was called on the 30th of August, 1864, pursuant to chapter 8, of the Laws of 1864, to be held in the said town on the 7th of September then next, to determine whether the sum of $600 should be paid by the town to each individual who should volunteer to fill the quota assigned to the town under the last call of the president for 500,000 men. The special town meeting was held on the day named, and the proposed resolution was then adopted, and the supervisor of the town was authorized to issue the obligations by which the bounty was to be paid. On the 3d of September, when McMahon, was mustered into the service, L. S. Ketchum paid him $1,325 in cash for his town and county bounty ; and McMahon, in consideration of said sum, assigned to .Ketchum in writing his right and title to the said bounties. The defendant knew before the 7th of September that Ketchum claimed the right to receive these bounties and assented to his doing so. McMahon was a substitute for the defendant, but he had paid him nothing. He had paid to Ketchum $300, with which to procure him a substitute, and this sum Ketchum had refunded to the defendant prior to his said assent. The said obligations issued by the town had been paid, and were in the possession of the supervisor at the trial. There was no dispute that they were of par value. Ketchum assigned his claim to the plaintiff for value received, who, before the commencement of the action, demanded the said bonds from the defendant. He stated that he had sold them or passed them away.

When the plaintiff rested, defendant moved for a nonsuit, which was granted.

Upon a motion made upon the judge's minutes, the nonsuit was set aside and new trial ordered.

*Wm. Roe* for the appellant. A part consideration is not sufficient to uphold an express promise, unless done at the request of the party promising. (*Cheffer* v. *Thomas*, 7 Cow., 388; *Comstock* v. *Smith*, 7 John., 87; Kent's Com., 617, 618.) An express promise gives no right of action, if the obligation upon which it was founded could not be enforced at law. (*Smith* v. *Ward*, 13 John., 257; 16 id., 283; 24 Wend., 97; *Watkins* v. *Hulstens*, 2 Sanf., 311; *Geer* v. *Archer*, 2 Bar., 420; *Nash* v. *Russell*, 5 id., 556; *Ingraham* v. *Gilbert*, 20 id., 151; *Goulding* v. *Davidson*, 28 id., 438.) To maintain an action of trover, plaintiff must have a general or special property in the chattel claimed. (*Sheldon* v. *Soper*, 14 John., 352; *McDonald* v. *Hewitt*, 15 id., 349; *Tuthill* v. *Wheeler*, 6 Barb., 362; *Thorp* v. *Burling*, 11 John., 285; *Hendrick* v. *Decker*, 35 Barb., 298; *Chadwick* v. *Lamb*, 29 Bar., 518; *Whitcomb* v. *Hungerford*, 42 id., 177; *Hunt* v. *King*, 42 id., 658.) The rule is the same in the analogous action of trespass. (*Gardner* v. *Hunt*, 1 Com., 528; *Putnam* v. *Wyley*, 8 John., 432; *Aiken* v. *Buell*, 1 Wen., 466; *Faulkner* v. *Brown*, 13 id., 63.) A demand and refusal do not establish conversion when the goods are not in possession of the one from whom demanded. (*Whitney* v. *Slauson*, 30 Barb., 276; *Andrews* v. *Shattuck*, 32 id., 396; *Bowman* v. *Eaton*, 24 id., 528.) The bonds having been delivered to defendant under claim of right, an opposing claimant cannot recover of him. (*Patrick* v. *Metcalf*, 37 N. Y., 332; *Butterworth* v. *Gould*, 41 id., 450.)

*C. Mason* for the respondent. A subsequent ratification is equivalent to a prior request or authority. (Brown's Legal Max., 676; Story on A., § 445; Ad. on Con., 19; *Doty* v. *Wilson*, 14 J., 382.) McM. had a legal right of action for the bounty as soon as it was voted. (*Munsell* v. *Lewis*, 2 Den., 224.) This right passed by the assignment to Ketchum. (*Law-*

rence v. *Bayard* 7 Paige, 76; *Stevens* v. *Bagwell*, 15
Vesey, 139; *Parmlee* v. *Dana*, 23 Barb., 461.)   Trover will
lie wherever an action for money had and received would lie
for a tortious conversion.   (*Graves* v. *Shipman*, 25 Eng. C.
L. R., 13; 10 Bing., 5.)   The gist of the action is the wrong-
ful withholding of the money K. or his assignee is entitled to.
( *Wall* v. *Lancaster Bank*, 17 S. & R., 285; *Comparch* v.
*Burn*, 5 Black., 419; *Pierce* v. *Van Dyke*, 6 Hill, 613;
*Romig* v. *Romig*, 2 Rawle, 241; *Alsager* v. *Close*, 10 M. &
W., 574; *Wigals* v. *Lord*, 1 Cow., 240; *Tilden* v. *Brown*, 14
Eq., 164; 1 Smith's Lead. Cases, H. & W.'s Notes, 410.)
Although the bonds had no legal inception until issued to
defendant, yet defendant, having wrongfully converted them,
is liable.   (*Decker* v. *Matthews*, 2 Ker., 313, 322; *Murray* v.
*Johnson*, 10 John., 172; *Scott* v. *Jones*, 4 Taunt., 365; *Hard-
ing* v. *Carter*, 1 Park Ins., 4; *Sillsbury* v. *McCann*, 3 Com.,
379.)   Plaintiff having legal title to the bounty, it drew to it
the title to the bonds.   (*Ohio Life Ins. Co.* v. *Ledyard*, 8 Ala.,
866; *Curtis* v. *Tyler*, 9 Paige, 432; Bro. Trespass, 303; Latch.,
214; Wins' Notes to 2 Saund., 47; 3 Phil. Ev., 534.)   Sale
amounts to a conversion.   (*Fetherstonehaugh* v. *Johnson*, 4 E.
C. L., 8 Taunt., 237.)

LEONARD, C.   It is clear from the evidence that the
inhabitants of the town of Wolcott intended to raise the
money and pay a bounty of $600 to every soldier who should
be enlisted and credited toward its quota, under the call of
the government for men to serve in the army.   There was
no distinction, whether he had been enlisted or should there-
after be enlisted.   The only condition was that the enlisted
man should be credited on account of the quota assigned to
the town under a certain call.   McMahon was such a man.
The town was legally authorized to grant the bounty.   The
bounty became thereby his right, and the equivalent of pro-
perty.   The point that there was no consideration, and no
obligation, therefore, resting on the town to pay the bounty
to McMahon, for the reason that he had enlisted and been

mustered into the service before the special town meeting had been held, is as destitute of legal merit as it is of morality.

The defendant, by local influence of himself, or his friends, of which it appears by the evidence that he boasted, or by misrepresenting his right to it, and imposing on the credulity of the supervisor, who was charged with the duty of delivering the town bonds, succeeded in diverting to his own pocket the bounty which belonged to McMahon, and to which he had no just claim of ownership or title.

Possibly McMahon, or his assignees, might have compelled the issue of a town bond, or the payment of the money, by a proceeding against the town, or he might have maintained an action against the supervisor, who, without any evidence of the defendant's authority to receive it, voluntarily delivered his bounty to the defendant. McMahon, or his assignee, had his election to pursue the defendant, rather than such other more difficult remedies, where he would be met by other principles of law, and where the defence might be favored if the agents of the town acted with any prudence or good faith in delivering the bounty. As to the defendant, it is plain that he was a wrong-doer, and can have no pretence of good faith. His attempt at a defence is not that he has any title, but that the plaintiff has none. In this respect, he is in error. The enlistment of McMahon must be deemed to have been at the request of the town, to whose quota he was credited; or the town ratified and accepted the credit given and certified by the mustering officer. This constituted a sufficient consideration for a promise to pay for it. The case is within that of *Decker* v. *Matthews* (2 Kernan's R., 313). The defendant got possession wrongfully of the property of another.

The defendant's counsel supposes that the cases of *Patrick* v. *Metcalf* (37 N. Y., 332), and *Butterworth* v. *Gould* (41 id., 450), are in point to save him from liability. The difference is that the defendants in those cases received the money under claim of right. Here there can be no such claim. The bounty was not payable to those who had

obtained a substitute, but to an enlisted man. The defendant claimed as having succeeded to McMahon's right. Not that he had any right of his own otherwise.

The order setting aside the nonsuit is correct, and should be affirmed with costs.

All concur.

Order affirmed and judgment absolute against defendant, and with costs.