Grover, J.
The plaintiff procured one West to be mustered into the military service of the United States, for three years, under the pending call of the president for 500,000 men, as a substitute for the defendant’s son, and to be credited to the town of Virgil, on the 16th of August, 1864. The defendant, in consideration thereof, agreed to pay the plaintiff $500, and that he should have all the bounties to which he or the substitute would be entitled. On the tenth of September of the same year, the following *277 resolution was passed at a town meeting of the town of Virgil: “ Resolved, that we pay $425 to each volunteer and substitute, who have or shall be credited to the town of Virgil, upon the quota of said town, under the last call of the president fpr 500,000 men, and who have or shall he mustered into the United States service.” West was directly within the provisions of the resolution, and entitled to receive any money payable thereunder. (Carver v. Creque, 48 N. Y., 385.) It is manifest that any title of any other person to this money must be derived from him, and that the town could only be discharged from its obligation by paying him, or some other having authority from him, to receive it. On the tenth day of ¡November of the same year, the defendant presented to the board of town auditors of the town of Virgil, a claim, as follows:
“ Town of Virgil to John Saltzman, Dr. To balance on town bounty, for a three-years’ man, furnished as a substitute, $100,” which he verified by the following affidavit, sworn to by him:
“ Cortland county, ss.: John Saltzman, being duly sworn, deposes and says, that the above amount of $100 is actually his duej and no part of the same has been paid or satisfied.” The claim was, on the same day, audited and allowed by the board, at its full amount, which, I shall assume, was subsequently, and before the commencement of this action, paid by the town to the assignee of the defendant, which, I think, is warranted by the evidence.
The evidence, I think, warrants the further assumption, that Saltzman based his claim to the $100 upon the ground that West had been mustered into the service of the United States as above stated. The plaintiff brought this action against Saltzman for the recovery of this $100, as money had and received to his use. To entitle him to recover in this form, he was bound to show that the money received by Saltzman from the town was his money. For this purpose he gave evidence tending to show an agreement made by him with the defendant, previous to the muster of *278 West, that he, the plaintiff) should have all the bounties from the transaction, accruing either to the defendant or the substitute, and that, if the defendant received any such bounty, he was to pay the same to the plaintiff. The plaintiff could acquire no title to the money as a bounty accruing to Saltzman, and as such received by him, for the plain reason that he was entitled to no bounty whatever from the town, and his claim for any such was entirely unfounded. The defendant did not ‘undertake that the proposed substitute should pay to the plaintiff any bounty to which he was entitled, but that he, the defendant, would not interpose any claim to any such bounty, and, further, that if any such came to his hands, he would pay it to the plaintiff. The plaintiff, further to show title to the money, gave evidence tending to show that West agreed with him, in consideration of a sum of money paid by him to West, that he, the defendant, should have all the bounties arising to West from the transaction. Without inquiring whether this included bounties thereafter given, or was confined to such as had already been granted, or whether the former were the subject of sale, it will be proper first to determine whether West would have had any title to the money, paid by the town to Saltzman, in the absence of any transfer of his right thereto, and whether he could, in such absence, have maintained an action against Saltzman for its recovery. It will be seen that Saltzman did not pretend that he had any authority from West to receive the money from the town, as his agent, or any title thereto derived from him, but that he claimed it as a demand due to himself, and as his own money, and as such it was paid to and received by him. This payment could, in no possible way, affect the demand of West against the town, or its liability to him. Upon what ground can West base a claim to the money paid by the town to the defendant ? I can see none except such as are entirely fanciful. In Butterworth v. Gould (41 N. Y., 450), it was held that when each of two persons claimed to be entitled to the same debt from government, and the latter paid the money to one not entitled thereto, that an action could not be main *279 tained against him for its recovery by the party to whom it' was really due. The same doctrine was reaffirmed in Hathaway, Supr., v. The Town of Homer (54 N. Y., 655). In these cases each of- the parties claimed title to the same demand. The reasons given were that the debt of the plaintiff was not discharged or affected by the payment to the defendant. That the former had the same remedy against the debtor after such payment as before. That the defendant had claimed and received the money as his own, and that it. could not therefore be regarded as received for the use of the plaintiff. This principle, I think, must control the present case. Here the defendant claimed nothing of the town for or on account of any- thing due West. "He claimed the town owed him $100 for bounty for a substitute put in. The town allowed and paid this. The fact that this claim was entirely unfounded gave to West or his assignee no title to the money, nor did the fact that the town auditors may have thought that by paying money to Saltzman they were satisfying a claim of West for bounty. Such a supposition, if entertained, was entirely groundless. Should West or his assignee recover this money of the defendants, it would not discharge the claim of West against the town for his bounty.
It is insisted by the plaintiff that his case comes within the principle of Carver v. Creque (48 N. Y., 385). But an examination of that case shows that the decision was put upon the ground that the defendant did not receive the bonds upon a claim of title thereto in himself, and that upon this ground the case was distinguished from those cited supra. My conclusion is that West could not have maintained the action against Saltzman for the money in the absence of a transfer by him. It follows that the plaintiff could acquire no title by assignment from him.
This renders it unnecessary to determine any of the other questions discussed by the counsel.
The order of the General Term setting aside the verdict *280 and directing .a new trial must be affirmed, and judgment absolute given against the plaintiff upon the stipulation. . All concur, except Bapallo, J., not voting.
Order affirmed and judgment accordingly.