HANNAH M. BROWN, APPELLANT, *v.* ADELBERT BROWN, RESPONDENT.

*Right of a person to hold one, assuming to act as his agent, liable for moneys received from a debtor of such person.*

On August 27, 1877, while the plaintiff and defendant were living together as husband and wife, the defendant deposited in a savings bank $1,000 to the credit of the plaintiff, but with the understanding with the officer of the bank that the sum so deposited should be payable to his order. Thereafter the defendant gave to the plaintiff the pass-book with intent to transfer and assign to her the indebtedness of said bank on account of such deposit, and all control over it. After the book had remained in the plaintiff's possession for a long time the defendant took it from her by force and against her will. Subsequently the parties separated and did not live together. After the bank had been notified by the plaintiff that she was the owner of the book and money, and had refused to pay it to the plaintiff when demanded, and after it had been

forbidden to pay it to the defendant, it paid the amount to the defendant on his demand, and on the production and surrender of the pass-book.

In this action, brought by the plaintiff against the defendant to recover the amount of the said deposit:

*Held,* that as the defendant could not, in the absence of any title from the plaintiff, lawfully obtain the money, except as her agent, he could not, with the proceeds in his possession, deny that he had obtained them in the only manner in which he could have lawfully obtained them, that is, as her agent, and that the plaintiff was entitled, if she so elected, to hold him liable therefor as her trustee *ex maleficio.* (LANDON and BOCKES, JJ.)

That the defendant, in taking away the plaintiff's property by force, committed a tort for which he became and still remains liable, and that as the amount collected by him was the amount of the indebtedness expressed in the book, it was the measure of damage which the plaintiff was entitled to recover. (LEARNED, P. J.)

APPEAL from a judgment in favor of the defendant, entered in Columbia county upon the report of a referee.

This case came before the General Term upon the judgment-roll and without the evidence. The referee reported as follows:

*First.* That prior to and on and for some time after August 27, 1877, the plaintiff and defendant lived together as husband and wife at South Pownal, Vermont.

*Second.* That while so living together the plaintiff was called by the defendant Annie Brown.

*Third.* That on the 27th day of August, 1877, the defendant deposited in the Hoosac Savings Bank of North Adams, in the State of Massachusetts, $1,000 to the credit of Annie Brown, but with the understanding with the officers of the bank, that the sum so deposited should be payable to the order of himself.

*Fourth.* That shortly thereafter the defendant gave to the plaintiff the bank-book issued by said bank and representing such deposit, with intent to transfer and assign to her the indebtedness of said bank on account of such deposit and all control over the same.

*Fifth.* That said book remained in the possession of the plaintiff, and was held by her as her own until a long time thereafter, when the defendant took the same from the plaintiff by force and against her will.

*Sixth.* That the plaintiff and defendant thereupon separated and did not afterwards live together as husband and wife.

*Seventh.* That the plaintiff notified the officers of said bank that

she was the owner of said book and the moneys represented thereby, and demanded payment of the same to herself, which was refused, whereupon she forbade payment of the same to the defendant.

*Eighth.* That afterwards said defendant took said book to said bank and surrendered the said book and drew all the moneys and interest due upon the account represented by said book, amounting in the aggregate to $1,077, and took and kept the same to his own use.

As a conclusion of law I find that the defendant is entitled to judgment for his costs therein, which I accordingly direct. The referee also found, in response to requests of the plaintiff: That the defendant made a valid gift to plaintiff of the book and of the title to the money represented by it. That the bank, upon payment to defendant, retained the book. The referee stated in his opinion, and the fact is implied in the referee's findings upon other requests of the plaintiff, that the rules of the bank required the production of the book as a condition of payment.

*W. H. Silvernail,* for the appellant.

*H. A. Johnson,* for the respondent.

LANDON, J. :

This case was decided in favor of the defendant by the application of the well settled rule, that where two rival claimants demand payment, each in his own right, of the debt which the debtor owes to one of them only, if the debtor pays the wrong claimant, the debt due to the rightful creditor is not thereby affected, and he acquires no title to recover the money of the party who wrongfully claimed and received it. (*Patrick* v. *Metcalf,* 37 N. Y., 332; *Butterworth* v. *Gould,* 41 id., 450.) But this rule rests upon the basis that the wrongful claimant obtains the money upon his own independent claim; that in using his own he does not prejudice his competitors; that he does not exercise any right or title of which he has wrongfully divested his competitor; that he is not assuming any agency for him; that he is not in privity with him. (*Carver* v. *Creque,* 48 N. Y., 385; *Peckham* v. *Van Wagenen,* 83 id., 40; *Hathaway* v. *Town of Cincinnatus,* 62 id., 434; *Bradley* v. *Root,* 5 Paige, 632.)

Here the defendant had made an absolute gift of the bank-book, and of the title to demand and receive the money represented by it, to the plaintiff. When the defendant, by force and against the will of the plaintiff, took the bank-book from her, he knew that he had no title to it or the money represented by it. Whatever claim he might assert to the money he well knew rested upon his fraud, if not upon his crime. But he thus obtained the physical power and apparent authority to represent the plaintiff in the presentation of the book to the bank, and by the act of presenting the book he did represent that whatever title or authority she had in the matter was exercisable by him, and he thus obtained the money.

He can take no advantage from his own wrong, and since he could not, in the absence of any title from the plaintiff, lawfully, as against her, obtain the money except as her agent, he may not, with the proceeds in his pocket, deny that he obtained them in the only manner in which he could lawfully obtain them.

It is probable the plaintiff could have maintained an action against the bank, since the bank had notice of her rights. But it was open to the plaintiff to elect to adopt the acts of the defendant or repudiate them. He shall not be heard to plead his own turpitude, and is therefore estopped to deny that he did not assume to act as the agent of the plaintiff. She may waive the tort, adopt his acts, and compel him to restore their fruits.

It comes to the same result if we regard the defendant as trustee *ex maleficio*. He knew that by his gift the book and the money it represented, and the rights it conferred, were the plaintiff's. He took the book by force, exercised her rights, and obtained the money. It was his duty to do nothing with her property and her rights for his own advantage, and he is, at her election, her trustee *ex maleficio* of the proceeds of his acts of usurpation. He held the proceeds of the book by same title that he held the book, and as he had no title to the book he had none to its proceeds, and must account to the true owner. (*Comstock* v. *Hier*, 73 N. Y., 269.)

The judgment should be reversed, new trial granted, referee discharged, costs to abide event.

BOOKES, J., concurred.

LEARNED, P. J.:

I concur in this result on the ground that the defendant, by taking away plaintiff's property by force, committed a tort (trespass or trover) for which he became liable. He remains liable still; and the amount collected by him being the amount of the indebtedness expressed in the book, is the measure of the damages to which she is entitled.

Judgment reversed, new trial granted, costs to abide event. Referee discharged.