─────────

(83 App. Div. 91.)

CASEY v. LINCOLN NAT. BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. CITY WARRANTS—TITLE—TRANSFER NOTICE TO PURCHASER.
    Where there was filed in the office of a city comptroller a forged writing purporting to be an assignment of all claims of a person against the city to a corporation, and warrants issued to him were delivered to the corporation, and not indorsed by him, but by the corporation, there was notice to every subsequent transferee of the warrants sufficient to put them on inquiry.

2. SAME—TRUST FUNDS.
    A forged writing, purporting to be an assignment of all the claims of a certain person against a city to a corporation, was filed in the office of the comptroller, and warrants issued to such person were delivered by the city to the corporation, and they were collected by a subsequent transferee. Held, that the one to whom the warrant should have been delivered might reach the funds in the hands of the transferee.

3. SAME—CONVERSION.
    The transferee who collected the warrants, though acting in good faith, was guilty of conversion of the warrants.

Appeal from Special Term, Kings County.

Action by William J. Casey, as administrator of the estate of Patrick Casey, deceased, against the Lincoln National Bank of New York and others. From a judgment overruling the demurrer of the Lincoln National Bank, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John A. Garver, for appellant.
Julius Henry Cohen, for respondent.

WOODWARD, J. The Lincoln National Bank, as one of the defendants in this action, interposed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against it. The demurrer has been overruled, and the Lincoln National Bank appeals from the interlocutory judgment entered.

The action is brought upon the theory that the Lincoln National Bank has converted to its use the avails of certain negotiable tax warrants and orders amounting to $29,182.33, issued by the city of New York in 1898 and 1899 to the order of plaintiff's intestate, Patrick Casey, but never delivered to him, or indorsed by him or in his name. It seems that Patrick Casey, plaintiff's intestate, had entered into a contract with the city of New York for the construction or alteration of certain sewers, and that on or about December 4, 1897, a paper, purporting to be an assignment of all of the claims of the said Patrick Casey against the city of New York to the Knickerbocker Construction Company, was executed in due form, and a copy of the same filed with the comptroller of the city of New York. Acting upon the supposed authority of this assignment, the city of New York, through its comptroller, delivered the warrants and orders to the Knickerbocker Construction Company, which corporation, through its president, indorsed the same in the name of the company, by James Pilkington, president, and the same were delivered to one James McCartney (whose executrix is one of the defendants in this action), who in turn delivered the same to the Lincoln National Bank, which collected the same. William J. Casey, as administrator of the goods, chattels, and credits of Patrick Casey, deceased, brings this action, and alleges that the said Patrick Casey never signed or authorized the signing and delivery of the assignment upon which the city of New York and others have acted, and that the same is a forgery, illegal, and void. He seeks to follow the funds into the hands of the Lincoln National Bank. The latter demurs to the complaint, and insists that it is within the protection of the rule laid down in Patrick v. Metcalf, 37 N. Y. 332, and Butterworth v. Gould, 41 N. Y. 450, that, where two rival claimants demand payment, each in his own right, of a debt which the debtor owes to one of them only, if the debtor pays the wrong claimant, the debt due to the rightful creditor is not thereby affected, and he acquires no title to recover the money from the party who wrongfully claimed and received it. "But," as was said in Brown v. Brown, 40 Hun, 418, 420, "this rule rests upon the basis that the wrongful claimant obtains the money upon his own independent claim; that in using his own he does not prejudice his competitors; that he does not exercise any right or title of which he has wrongfully divested his competitor; that he is not assuming any agency for him; that he is not in privity with him"—citing Carver v. Creque, 48 N. Y. 385; Peckham v. Van Wagenen, 83 N. Y. 40, 38 Am. Rep. 392; Hathaway v. Town of Cincinnatus, 62 N. Y. 434; Bradley v. Root, 5 Paige, 632.

The Lincoln National Bank had no independent claim against the city of New York. It did not assert an indebtedness against the city of New York in opposition to that of Patrick Casey, but its whole claim to the moneys upon these warrants was in subordination to the said Casey. It. asked, not for any moneys that the city of New York owed to it, but for moneys which the city owed to Patrick Casey under his contract, and its sole right to any such payments was based upon the fact that Patrick Casey had a contract with the city of New York which he was supposed to have assigned to the Knickerbocker Construction Company. The Lincoln National Bank therefore holds the funds which it has collected by no better title than it held the warrants, and upon demurrer we are to assume all of the facts alleged in the complaint to be true, and that the assignment under which the appellant claimed was a forgery, conferring no rights upon any of the parties through whom the. bank came into possession of the same. The warrants were all made payable to the order of Patrick Casey, and were not indorsed in his name, but in the name of the Knickerbocker Construction Company; so that there was notice to every one handling the paper which was sufficient to put them upon inquiry, and, if the paper at the foundation of the transaction was a forgery, then Patrick Casey or his representatives might elect to treat the acts of the parties as those of his agent or trustee, and. reach the funds wherever they might be found. Having no title or right to the warrants, the bank could have no legal right to transfer the same, and the collection of the same and the appropriation of the funds to its own use was, in law, a conversion. It is immaterial that it may have acted in good faith and in ignorance of the plaintiff's rights. One dealing with the property of others, although under the mistaken belief that it is his property, does so at his peril, and must answer to the true owner for his acts. Comstock v. Hier, 73 N. Y. 269, 275, 29 Am. Rep. 142; Davis Sewing Machine Co. v. Best, 105 N. Y. 59, 64, 11 N. E. 146; Brown v. Brown, supra.

While some of the facts might have been alleged with more of certainty, we are of opinion that under the liberal rules now prevailing the allegations of the complaint do state facts sufficient to constitute a cause of action against the Lincoln National Bank, and that the interlocutory judgment appealed from should be affirmed.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.