MARY FRANCES WELCH, Appellant, *v.* GRAHAMS POLLEY, Individually and as Surviving Trustee for MARY FRANCES WELCH, Defendant, and MILES M. O'BRIEN, as Trustee in Bankruptcy of GRAHAMS POLLEY, Respondent.

TRUSTS — FRAUDULENT CONVEYANCE OF REAL ESTATE PURCHASED BY TRUSTEE WITH TRUST FUND — WHEN BENEFICIARY OF TRUST MAY RECOVER FROM TRUSTEE IN BANKRUPTCY OF TRUSTEE OF FUND, MONEYS RECOVERED BY HIM IN ACTION TO ANNUL FRAUDULENT CONVEYANCE. The beneficiary of a trust fund may maintain an action against the trustee of such fund and his trustee in bankruptcy for an accounting as to the trust funds and to recover, upon sufficient proof, from the funds held by the trustee in bankruptcy so much thereof as belong to, or were derived from, the trust fund; the fact that part of the funds held by the trustee in bankruptcy were received on the compromise of a judgment recovered by him in an action to set aside a conveyance of real estate purchased with trust funds by the bankrupt and fraudulently conveyed by him prior to the filing of his petition in bankruptcy, does not preclude the action against his trustee, since in bringing the action to set aside such conveyance the trustee in bankruptcy did not act in hostility to the plaintiff's claim or title, but in subordination to the same, and the plaintiff must be permitted to follow, if she can, her trust moneys into the hands of the trustee in bankruptcy, who has no greater right against her than the bankrupt, her trustee, possessed, had he remained solvent; and the other creditors of the bankrupt have no claim upon any of the funds, held by the trustee in bankruptcy, which can be proved to be derived from, and belong to, the trust for plaintiff's benefit.

*Welch* v. *Polley,* 86 App. Div. 260, reversed.

(Argued December 4, 1903; decided January 5, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

July 31, 1903, which affirmed a judgment of Special Term dismissing the complaint as to the respondent herein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Raphael J. Moses* for appellant. Where the defendant, with knowledge of plaintiff's equitable title and lien upon the moneys due, has used his apparent authority to receive payment and thereby effectually deprives plaintiff of all other recourse to the money to which she was equitably entitled, he cannot be permitted in good conscience to retain it. (*Butterworth* v. *Gould*, 41 N. Y. 450, 460; *Patrick* v. *Metcalf*, 37 N. Y. 332.) The money with which the Cavanagh property was purchased by Grahams Polley in his own name was concededly the money arising from his wrongful conversion of trust securities, and until this went into the hands of some one for value it could be lawfully recovered, or, if invested, charged as a lien against the property purchased. (*Matter of Franklin Bank*, 1 Paige, 243; *Commercial Bank* v. *Hughes*, 17 Wend. 94; *Graves* v. *Dudley*, 20 N. Y. 76; *Marsh* v. *O——*, 34 Barb. 298; *E. Nat. Bank* v. *F. Nat. Bank*, 46 N. Y. 82.) The trustee has no better title than the bankrupt had. (*Matter of Dow*, 6 Nat. Bank. Reg. 10; *Bacon* v. *Heathcote*, 1 Atk. 160.) The settlement of the judgment for a valuable consideration cut off Mrs. Welch's power to follow the land, as it made Mrs. Cavanagh a purchaser for value. (*Terry* v. *Munger*, 121 N. Y. 165.) The original trust created in 1879 and the delivery of personal property for an express purpose will not be divested by a mere change in the form of the security. (*Taylor* v. *Blumer*, 3 M. & L. 562; *Cook* v. *Tullis*, 18 Wall. 332; *Hawkins* v. *Blake*, 108 U. S. 422.)

*Moses Weinman* and *Louis Marshall* for respondent. It appears from the complaint that if there be any cause of action on the theory that the trust fund can be traced to the Cavanagh property, a suit against the trustee in bankruptcy of Grahams

Polley cannot be maintained for the moneys which he obtained from Lillian G. Cavanagh in settling the alleged cause of action against her and against the property standing in her name. The money in the hands of the trustee represents the amount paid in the settlement of claims asserted by the trustee in bankruptcy against Lillian G. Cavanagh. (*Stephens* v. *Bd. of Education*, 79 N. Y. 183; *Butterworth* v. *Gould*, 41 N. Y. 450; *Hathaway* v. *Town of Homer*, 54 N. Y. 655; *Rowe* v. *Bank of Auburn*, 51 N. Y. 674; *Newhall* v. *Wyatt*, 139 N. Y. 452; *Murphy* v. *Ball*, 38 Barb. 262; *Graham* v. *Meyer*, 99 N. Y. 611.) The plaintiff, being a *cestui que trust* under the trust alleged in the complaint, has no right to maintain this action, no claim having been made in the complaint that the trustee has refused to bring any action in regard to the trust fund, or that any demand was made upon the trustee under the trust agreement to bring any such action. (*W. R. R. Co.* v. *Nolan*, 48 N. Y. 517; *Matter of Straut*, 126 N. Y. 212.)

BARTLETT, J. At the trial, after the opening of plaintiff's counsel and before the introduction of any evidence, the counsel for the defendant, the trustee in bankruptcy, moved to dismiss the complaint as to him, on the ground that it did not state facts sufficient to constitute a cause of action. The motion was granted and judgment duly entered, which was affirmed by the Appellate Division.

This is a suit in equity brought by Mary Frances Welch, the plaintiff, against Grahams Polley, individually and as surviving trustee for her in a trust created by herself on the thirty-first day of October, 1879, for her own benefit and such persons as she should appoint by her last will and testament, or in failure of appointment her next of kin; also, against Miles M. O'Brien, as trustee in bankruptcy of Grahams Polley.

On the 15th day of December, 1900, Grahams Polley was adjudicated a bankrupt, and the defendant Miles M. O'Brien was appointed sole trustee of the bankrupt's estate.

The following facts appear on the face of the complaint, and must be taken as admitted for the purposes of this appeal. The principal sum under the trust referred to was about forty thousand dollars, and was duly paid over to the trustees, one of whom died in 1896; that a certain portion of the trust fund, amounting to about seven thousand dollars, was converted by the defendant Grahams Polley to his own use; that Grahams Polley is a man of dissolute life and habits, and has wasted the trust fund and estate belonging to the plaintiff, and is an unfit person to act as trustee; that Grahams Polley with said trust fund belonging to the plaintiff purchased and maintained certain real estate, a part of which he fraudulently conveyed to Lillian 'G. Cavanagh; that the trustee in bankruptcy commenced an action in the New York Supreme Court against said Cavanagh and Grahams Polley to set aside said transfer of real estate and certain personal property made by Polley to said Cavanagh prior to the filing of the petition in bankruptcy, on the ground that they were fraudulently made, without consideration and with intent to hinder, delay and defraud the creditors of said Polley; that said action was tried and resulted in a judgment in favor of the trustee, which by leave of the court was compromised, the trustee receiving the sum of $18,963.48; that in addition to the foregoing sum received by the trustee in bankruptcy on the said compromise there are other sums in his hands, the total amount of which is unknown to the plaintiff, except that the aggregate does not make up the amount of the trust fund to which she is entitled, and which was in the hands of the defendant Grahams Polley as plaintiff's trustee; that the plaintiff prays for an accounting as to the trust fund in the hands of Grahams Polley at the time he was adjudicated a bankrupt, and that such portion of the fund in the hands of the trustee as is made up of the trust fund should be paid over to her. There is also a prayer for the removal of Grahams Polley from his trust and for an injunction running against both Polley and the trustee in bankruptcy preventing any disposition of the fund until judgment in this action.

Section 70 of the present United States Bankruptcy Law (Subd. e) reads as follows : " The trustee may avoid any transfer by the bankrupt of his property which any creditor or such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value."

The action brought by the trustee in bankruptcy, pursuant to the powers vested in him by this section, was not in hostility to the title or rights of the plaintiff, but in subordination to the same.

The learned Appellate Division states in its opinion as follows as to the decision of the Special Term : " In the opinion the court   *   *   *   stated that as Polley used Mrs. Welch's trust fund in the purchase of real estate, which he presented to Cavanagh, her title to the real estate was impressed with a trust in favor of Mrs. Welch ; that O'Brien, as trustee in bankruptcy, became vested with all the rights of the bankrupt and of his creditors as such ; that his release to Cavanagh did not discharge the rights of Mrs. Welch against the real estate, and that she could not enforce any claim against the money in the hands of O'Brien as trustee. It is manifest that the money received by O'Brien was recovered under an adjudication that the real estate belonged to Polley and not to Mrs. Welch ; that it was his property and not hers which was transferred to Cavanagh."

We are of opinion that the complaint was improperly dismissed as to the trustee in bankruptcy. It is true that the plaintiff was not, so far as this record discloses, an unsecured creditor of the bankrupt, but she did represent a claim against him that must be treated as valid for the purposes of this appeal, growing out of the relations existing between them as beneficiary and trustee.

It is not necessary to determine in this action the effect of the compromise in bankruptcy upon the right of the plaintiff

to. pursue Cavanagh as the holder of the legal title to this real estate if it be still vested in her.   It is quite possible that insuperable obstacles now prevent plaintiff from invoking this remedy.

In view of the facts disclosed by this record, it was proper for the plaintiff to institute a suit in equity, bringing in her defaulting trustee, the bankrupt, and his trustee in bankruptcy as parties defendant.   In that suit the plaintiff was entitled to prove, if she could, that a certain portion of the trust fund held by Polley went into the purchase price of the real estate transferred to Cavanagh, and assuming, as we must, that the sum received by the trustee in bankruptcy, in compromise of the judgment recovered by him, declaring the conveyance of the bankrupt to Cavanagh fraudulent, stood in the place of the property, which might have been reconveyed to the trustee in bankruptcy, she would be entitled to have restored to the trust such portion of that fund as she was able to successfully follow into the purchase money paid by the bankrupt, or into the funds in the hands of the trustee in bankruptcy.

The cases cited in support of the decision below are not in point.   In *Stephens* v. *Board of Education of Brooklyn* (79 N. Y. 183) one Gill, while a member of the board, converted to his own use moneys belonging to the board.   He obtained money from Stephens on a forged mortgage and deposited the same in his bank account, against which he drew a check and paid the board.   The court held that Stephens could not recover the money from the board, but that his cause of action was against Gill; that the board having received the money in good faith and in the ordinary course of business for a valuable consideration, was not liable.   No such situation is presented in the case at bar.

In *Patrick* v. *Metcalf* (37 N. Y. 332) this court held that where two parties claim payment from the government for the same services, and the one is recognized and paid to the exclusion of the other, who was in fact the one entitled, the latter cannot maintain an action for money had and

received against the former, he having received it under a claim of right. This case was followed in the other cases cited of *Butterworth* v. *Gould* (41 N. Y. 450) and *Hathaway* v. *Town of Homer* (54 N. Y. 655).

The principle involved in all of these cases is inapplicable to the situation presented in the case before us, where, as already stated, the trustee is not acting in hostility to the plaintiff's claim or title, but in subordination to the same.

The plaintiff must be permitted to follow, if she can, her trust moneys into the hands of the trustee in bankruptcy, he having no greater right against her than the bankrupt, her trustee, possessed had he remained solvent.

The other creditors of the bankrupt have no claim upon any of the funds derived from plaintiff's trust which can be fully identified.

To the extent that plaintiff is able to follow the trust funds into the purchase price of the real estate, or into the bankrupt's estate generally, she points out moneys that are no part of the estate held by the bankrupt's trustee for general distribution among the creditors, and is entitled to have them restored to the trust for her benefit which is to continue during her life.

The judgments and orders of the Special Term and Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur.

Judgments and orders reversed, etc.