## HOCHBERGER v. LUDVIGH.

(Supreme Court, Appellate Term. May 7, 1909.)

RECEIVERS (§ 174*)—ACTIONS—RIGHTS OF ACTION AGAINST RECEIVERS.

Where the owner of a bank deposit assigns it to plaintiff, who notifies the bank, and subsequently a part of the deposit is paid to a receiver appointed for the depositor after the assignment of the deposit, plaintiff, after leave of court, may sue the receiver for the recovery of the amount under an implied assumpsit, instead of intervening in the original action by motion; but his action in suing the defendant will release the bank.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. § 174.*]

Appeal from City Court of New York, Trial Term.

Action by Isidor Hochberger against Elek J. Ludvigh. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Rosenthal, Steckler & Levi, for appellant.

Albert Flack, for respondent.

GOFF, J. This is an appeal by plaintiff from a judgment of the City Court, which dismissed the complaint upon the opening. The facts are not disputed. The complaint alleges that one Eisen assigned a $500 bank deposit to plaintiff, who gave notice to the bank of such assignment. More than 3½ months later defendant was appointed receiver in supplementary proceedings, by an order of the City Court, of Eisen. The bank was at once notified of the appointment, and at the end of some 3 more months paid $250 of Eisen's deposit to defendant, who took it in his capacity as receiver, without knowledge of the prior assignment. Plaintiff notified defendant of his interest, and demanded payment of the amount, which was refused. He then secured an order from the court authorizing him to bring an action against the receiver for the recovery of the amount. No tort is alleged; the action being against the receiver in his official capacity, on the theory of an implied assumpsit to pay the money to plaintiff in lieu of the older remedy of intervening in the original action by motion.

According to the undisputed authorities plaintiff "may ignore the payment and sue the trustee as his debtor, or he may ratify and adopt the payment and sue the person receiving the money as his debtor, but he cannot do both." Fowler v. Bowery Savings Bank, 113 N. Y. 450, 455, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479. In that case the bank had paid the money to the executor of J., when it belonged to the executor of J.'s wife. The latter obtained judgment against J.'s executor; but, failing of execution, he brought a second action against the bank, which had held the money in trust for the wife. That first action was brought against an officer of the court, as in the case at bar; nor does it appear that he was such other than in his representative capacity. On the contrary, in his exhaustive opinion, Mr. Justice Earl says:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"By suing Flynn [J.'s executor] he would adopt and ratify the act of the bank in making payment to him, and his claim would be that the money due to him had in fact been paid to Flynn, and that Flynn had received it to and for his use."

The case cited is closely analogous to the one at bar and is clearly controlling. Defendant has utterly failed to advance any reason why any other course should be followed. Defendant is not placed in the position of being compelled to pay out money without an order from the court of which he is an officer. On the contrary, he voluntarily assumes the position of questioning an order of that same court, which in effect directed this action to be brought for the purpose of determining the title to the sum in question. Although it was optional with plaintiff to sue the bank or defendant, by choosing the latter he released the bank, and thus happily prevented a multiplicity of actions.

For these reasons, the judgment of the lower court must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.