CARNEGIE TRUST CO. v. BATTERY PLACE REALTY CO.

(Supreme Court, Appellate Term.   April 26, 1910.)

1. ASSIGNMENTS (§ 10*)—COMPENSATION DUE STATE OFFICER—ASSIGNMENT AS COLLATERAL—VALIDITY.

An assignment of compensation due a state officer is valid.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 10.*]

2. ASSIGNMENTS (§ 115*)—LIABIILTY OF SUBSEQUENT ASSIGNEE—RIGHT OF ACTION.

Where a creditor assigned as collateral security a part of the amount due him from his debtor, and thereafter assigned to another assignee more than the amount remaining due him, and the debtor, with notice of both assignments, paid the subsequent assignee, the first assignee might have repudiated the payment and recovered of the debtor the amount thereof; but he also had the right to adopt and ratify the debtor's act in making payment, and sue the second assignee for money had and received.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 161, 163, 171; Dec. Dig. § 115.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MONEY RECEIVED (§ 9*)—RIGHT OF ACTION.
 Where there are simply two parties claiming to own the same debt or chose in action, the party having the superior title may sue for money had and received against the wrong claimant, who receives the money.

 [Ed. Note.—For other cases, see Money Received, Cent. Dig. § 31; Dec. Dig. § 9.*]

 Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Suit by the Carnegie Trust Company against the Battery Place Realty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

John M. Stoddard, for appellant.

House, Grossman & Vorhaus (Moses H. Grossman and Charles Goldzier, of counsel), for respondent.

LEHMAN, J. A deputy Attorney General of the state assigned to plaintiff as collateral security for loans $1,500 of his compensation due from the state. Thereafter he assigned to defendant $1,000 of his compensation. Only $2,000 was due to the assignor, and the State Comptroller, with notice of both assignments, paid $1,000 to each assignee. The plaintiff thereupon brought suit in the Municipal Court for money had and received.

The relation between the assignor and the state was that of debtor and creditor. The assignment to the plaintiff was a valid assignment. The assignment to the defendant was subject to the plaintiff's prior rights by virtue of his earlier assignment. Under these circumstances the plaintiff might have repudiated the payment by the debtor and recovered the amount thereof from him; but he had also the right to adopt and ratify the act of the debtor in making the payment and bring this action for money had and received. Fowler v. Bowery Savings Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043; Hochberger v. Ludvigh, 63 Misc. Rep. 313, 116 N. Y. Supp. 696. The cases of Dechen v. Dechen and of Hochberger v. Ludvigh both rest upon the authority of the earlier case in the Court of Appeals, and the appellant claims that they rest only upon a dictum in that case, and that that dictum is in conflict with the rule laid down in Patrick v. Metcalf, 37 N. Y. 332, Butterworth v. Gould, 41 N. Y. 450, and Hathaway v. Town of Homer, 54 N. Y. 655, all cited in Welch v. Polley, 177 N. Y., at pages 122 and 123, 69 N. E. 279.

It seems to me that in the Fowler Case the court held, not as a dictum, but as a necessary part of its decision, that, where the relation of debtor and creditor exists, if the debtor pays the debt to one not having title to the claim, the creditor may ratify such payment and sue the recipient of the money in an action for money had and received. The rule laid down in that case is not in conflict with the rule laid down in Patrick v. Metcalf and in Butterworth v. Gould, but is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in accordance with a long-recognized interpretation or limitation of that rule. In the case of Brown v. Brown, 40 Hun, 418, the court says:

"This case was decided in favor of the defendant by the application of the well-settled rule that where two rival claimants demand payment, each in his own right, of the debt which the debtor owes to one of them only, if the debtor pays the wrong claimant, the debt due to the rightful creditor is not thereby affected, and he acquires no title to recover the money of the party who wrongfully claimed and received it. Patrick v. Metcalf; Butterworth v. Gould. But this rule rests upon the basis that the wrongful claimant obtains the money upon his own independent claim," etc.

Recognizing the validity of this limitation in the application of the general rule, the Appellate Division of the Second Department held in the case of Casey v. Pilkington, 83 App. Div. 91, 82 N. Y. Supp. 525, that where an assignee under a forged assignment from a contractor obtains in good faith and without knowledge of the forgery warrants for the payment of moneys due from the city to the contractor, the contractor's personal representative may obtain the money paid to the assignee in an action for money had and received.

"The Lincoln National Bank had no independent claim against the city of New York. It did not assert an indebtedness against the city of New York in opposition to that of Patrick Casey; but its whole claim to the moneys upon these warrants was in subordination to the said Casey. It asked, not for any moneys that the city of New York owed to it, but for moneys which the city owed to Patrick Casey under his contract; and its sole right to any such payments was based upon the fact that Patrick Casey had a contract with the city of New York which he was supposed to have assigned to the Knickerbocker Construction Company. The Lincoln National Bank therefore holds that fund which it has collected by no better title than it held the warrants."

In the cases of Carver v. Creque, 48 N. Y. 385, and Hathaway v. Town of Cincinnatus, 62 N. Y. 434, the Court of Appeals also has, I believe, inferentially recognized the rule that where there are, not two independent claims to the money owed, but simply two parties claiming to be the owners of the same debt or chose in action, the party having the superior title may maintain an action for money had and received against the wrong claimant if he receives the money, and that court has expressly limited the application of the rule laid down in the earlier cases to cases where the claims are independent, and held that it does not apply where there is one claim and the dispute is as to who has title to that claim. Where title is derived from a common source, and one title is superior to that of the other, there is sufficient privity between the parties to support an action on an implied contract.

Judgment should be affirmed, with costs to the respondent.

SEABURY, J., concurs.

BIJUR, J. (dissenting). One Kisselburgh having assigned to plaintiff, as collateral security for loans, $1,500 of his compensation due from the state for professional services, subsequently assigned to defendant, for a nominal consideration, $1,000 out of the same or similarly described compensation. On presentation of both claims for $1,-

500 and $1,000, respectively, to the State Comptroller, $1,000 was paid to each of the parties. This suit for $500 resulted.

I am of the opinion that the action will not lie. Butterworth v. Gould, 41 N. Y. 450, 463, holds that:

"Where a defendant has received moneys due to the plaintiff, but claiming it as his own under circumstances in which he had no authority from the plaintiff, and does not act under any pretense of such authority, and the payment to him is made in proposed recognition of his title thereto as his own, and does not operate to discharge the payor from liability to the plaintiff, then and in such case there is no trust, and no implied promise to pay the money to the plaintiff."

See, also, Welch v. Polley, 177 N. Y. 117, 69 N. E. 279, and 27 "Cyc." 859.

The chief case cited to support the contrary doctrine is plainly distinguishable. In Fowler v. Bowery Savings Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479, moneys were withdrawn from defendant by the executor of a husband, who had deposited these moneys in trust for his wife. It could not be said, therefore, that the executor, who drew out the deposit, had received the money claiming it as his own, but rather that he took it impressed with a plain trust in favor of the wife. It was held by the court that plaintiff, the wife's executor, had, under these circumstances, an election; i. e., either to hold the bank directly for the deposit, or the husband's executor as for money had and received.